CASE 9—INJUNCTION AGAINST TAXES—SEPT. 30.

# Mauget v. Plummer, Sheriff.

APPEAL FROM CAMPBELL CIRCUIT COURT.

STATUTES—REPEAL BY IMPLICATION.—The enactment of the act of April 18, 1892, conferring power upon the fiscal courts of the State to levy and collect taxes for county purposes did not repeal the act of 1882, creating a "court-house district" in Campbell county and authorizing the levy of a tax to maintain a court-house and the act of 1886 amending same.

ROOT & ROOT FOR APPELLANT.

> On the question of repeal: Ky. Stats., sec. 1839; Campbell County v. Commrs. for Court House District, opinion filed Oct. 8, 1882; act to authorize the construction and maintenance of a court house in Newport, Campbell county, approved April 17, 1882; act to amend an act approved April 17, 1882, entitled "An act to authorize the construction and maintenance of court house in Campbell county, and to increase the powers and duties of the commissioners for the court-house district, approved April 13, 1886; act concerning the court-house district in Campbell county, passed at last session of General Assembly, secs. 1 and 2.

C. J. AND W. W. HELM FOR APPELLEE.

> This case is ruled by Campbell County v. Commrs., &c., 19 Ky. Law Rep., 860.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

The appellant sought in this action to enjoin the collection of a tax of 10 cents on the $100 levied by the commissioners for the court-house district in Campbell county for the year 1897, for lack of authority on the part of the commissioners to make the assessment or to authorize the levy.

By a special act of the Legislature approved April 17, 1882, a certain designated portion of Campbell county was laid off into a separate district, and called the "Court House District." By the third section of this act, the

commissioners were given power to construct and maintain
in the city of Newport a court house, and for that pur-
pose were authorized to issue bonds, with interest cou-
pons attached; and for the purpose of paying the interest
and redeeming said bonds as they matured, they were
given power to annually levy a tax on the real and personal
property lying within the district of not exceeding 12
cents on the $100 on the State valuation, and it was made
the duty of the sheriff of Campbell county to collect this
tax in the manner and time that he collected the State
revenue; and, by the sixth paragraph of the act, citizens
living within this district were exempted from the payment
of poll tax, and the property within the district was ex-
empted from all taxation for county roads, and for tak
ing care of the poor, and other county expenses. By a
special act approved March 13, 1886, this act was amended,
and the commissioners authorized to levy and collect a
tax sufficient to discharge the liability of the district for
all county purposes; and subsequently, by an act approved
cn the —— day of ——, 1898, the act of April, 1882, and
the amendment thereto approved March 13, 1886, were
repealed, except in so far as this act and amendment
authorized the commissioners of the court-house district
to levy and collect a tax for paying the bonds and interest
thereon issued to build the court house, and the expense
of maintaining such court house and the officers therein.
This act expressly provides, however, that the commis-
sioners shall not be exempt from paying the debt they
may owe to the fiscal court, and reduces the amount they
are authorized to levy after 1898 to a tax of not exceed-
ing 6 cents on each $100 valuation of property.

It is insisted by counsel for appellant that the effect of
the act of April 18, 1892, vesting in the fiscal court of the

Mauget v. Plummer, Sheriff.

county power to levy taxes for county purposes, by impli-
cation repealed the authority given to the commissioners
of the court-house district by the act of 1882 and the
amendment thereto of 1886, and for that reason the com-
missioners of the court-house district had no power to
make the levy sought to be enjoined in this proceeding.
"In order that there may be a repeal by implication, there
must be such a conflict between the provisions of the
earlier and later law as to be irreconcilable by any fair
construction." See Beatty v. Com., 91 Ky., 313, [15 S.
W., 856].

A tax of 12 cents on each $100 of taxable prop-
erty was authorized by the act of 1882, to pay the interest
and bonds issued to provide funds with which to build the
court house and keep it in repair, and this is a separate
and distinct charge upon the court-house district, with
which the county at large and the fiscal court have no con-
cern, and whilst under the provisions of the act of 1892, the
fiscal court is charged with the duty of levying and collect-
ing a tax sufficient to defray the current and necessary ex-
penses of the county, it did not in any wise affect the
powers or duties imposed upon the commissioners of the
court-house district, for the purposes named in the original
act.

There is no averment in the petition that the tax
sought to be enjoined in this action was assessed for any
other purpose than to provide a fund to pay off the bonds
and interest and keep the court house and offices therein
in repair, as provided by the act of 1882.

In the recent case of Joyes v. Jefferson County Fiscal
Court, 21 Ky. L. R., 199, [51 S. W., 435], it was
held, in substance, that, under the provisions of the Con-
stitution, and the act of 1892, relating to fiscal courts, the

duty of providing a fund for the current county expenses was lodged in the fiscal court, and that all special acts inconsistent therewith were repealed; but this does not affect those acts, which simply provide a way to enable a subdivision of a county to discharge an indebtedness, legally incurred, which does not extend to the whole county.

In the case of Campbell County v. The Commissioners of the Court House District, 19 Ky. L. R., 860, [42 S. W., 111], it appeared that the fiscal court had made no levy upon the court-house district for the years 1895 and 1896 for county purposes, relying upon the commissioners to pay their proportion of such funds in accordance with the custom which had prevailed since the passage of the amendment of 1886. It was shown that the tax had been assessed and collected by the commissioners for the purpose of paying the district's proportion of the county expenses, and it was held that the county was entitled to have these funds in the hands of the commissioners applied for the purposes for which they had been collected.

For reasons indicated, the judgment is affirmed.