### Oppenheimer v. Commonwealth.

April 25, 1947.

Rehearing denied June 17, 1947.

W. B. Ardery, Judge.

Carl K. Helman for appellant.

Robert B. Bird for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The question is the liability of the purchaser of the assets and business of a company which was subject to the terms of the Kentucky Unemployment Compensation Law for its delinquent taxes or contributions. Ch. 341, Ky. Rev. Stats.

The appellant, M. S. Oppenheimer, purchased all the

assets of Do Nut Restaurant No. 2, Incorporated, and they were transferred to him on June 30, 1944. He continued to operate the business in the same place, with substantially the same employees. By reason thereof he became a "subject employer." KRS 341.250, 341.-540. It developed that Do Nut Restaurant No. 2, Inc., then owed taxes or contributions to its reserve account for the year 1943 and the first half of 1944, amounting to $1,375.32. It does not appear in the record when this fact was ascertained.

In defense of the suit by the Commonwealth, on relation of the Unemployment Compensation Commission, to recover that sum and penalties, Oppenheimer pleaded that at the time of his purchase (1) the Commission had not filed of record any lien against the assets of the seller covering the taxes, as provided by KRS 341.310; (2) the provisions of the Bulk Sales Law, KRS Ch. 377, were complied with and he had received from his vendor a verified statement of all its creditors (KRS 377.020) and it did not disclose this indebtedness, and (3) he was an innocent purchaser for value. The court sustained a demurrer to the answer and rendered judgment against Oppenheimer and Do Nut Restaurant No. 2 for the sum claimed, with a penalty of $11.79 per month, from July 1, 1945.

A separate insurance fund account is kept by the Unemployment Compensation Commission for each employer subject to the operation of the law, and the amount is credited with taxes collected from the employer and charges are made against it as may be proper. KRS 341.040, 341.530. The law provides, KRS 341.540:

"If a subject employer shall transfer or otherwise reorganize his entire organization, trade or business, the successor in interest is hereby required to assume the resources and liabilities of such employer's reserve account and to continue the payment of all contributions due under this chapter. If, however, a successor employing unit was a subject employer at the time of the transfer, its contribution rate shall not be affected by the transfer, but such rate shall apply to the whole of its business, including that portion acquired by the transfer, until the next computation date."

It does not appear that Oppenheimer, the purchaser, was at the time already a ''subject employer,'' so only the first part of the quoted statute is applicable. This, it will be observed, is an absolute and unqualified provision. The transferee of the business or successor in interest takes the transferor's reserve account as it is—its ''resources and liabilities.'' The ''resources'' are what has been credited and what is due it. The account becomes his whether it be overpaid or balanced or delinquent. He steps into the shoes of the transferor. This is ipso facto. Under an elementary principle, this statute becomes a part of every contract of this kind the same as if expressed in it.

The Bulk Sales law is a distinct and separate statute, although it does, in general, cover a transaction of this kind. But the Unemployment Compensation statute came later and deals with a sole and specific matter in regard to the transfer and assumption of a vendor's reserve account. It must prevail to the extent that it can be said to be inconsistent with the Bulk Sales Statute.

There is no question of a lien upon the assets transferred to the appellant. The suit seeks to impose only a personal liability; hence, the plea in this particular is not applicable.

The appellant relies on Louisville Title Mortgage Company v. Commonwealth, 299 Ky. 224, 184 S. W. 2d 963. The decision in that case is that the provisions of the Unemployment Compensation statute with respect to a lien upon assets of an employer to secure the payment of the taxes do not make it superior or equal to antecedent, bona fide liens; in particular, to a vendor's lien retained when the property was first acquired by an employer, who later became subject to the terms of the act and delinquent in his contributions. The reasoning of the opinion as to the desirable protection of innocent purchasers or mortgagees may be pertinent to the matter of personal liability. Yet, unlike the provisions regarding the lien, this part of the statute is clear and unqualified. There is no question of any antecedent rights being affected. It relates to a contemporary transaction.

The appellant was charged with knowledge that his vendor occupied the position of an employer subject

to the statute and that he would succeed to its status (Southern Photo & Blue Print Co. v. Gore, 173 Tenn. 69, 114 S. W. 2d 796), and acquire its reserve account, whether it was in good or bad condition. The maxim "caveat emptor" signifies that it is the business of the buyer to be on his guard. It is applicable to personal liability for these modern taxes. There is nothing to prevent the purchaser from demanding indemnity against any liability which might be assumed as his vendor's successor.

Every person is conclusively presumed to know the law, although the ablest judges in the land often find great difficulty in determining what the law is in a particular case. There is no difficulty here in determining what the law is, but doubtless the appellant was unaware of its existence. Nevertheless, this is one of those risks that all of us take, and consequently suffer, now and then. It is said in his brief that the appellant sold the business three months later, and this suit was filed afterward. But if that were in the record, it would not absolve him from the personal liability imposed upon him by the law.

We are of opinion, therefore, that the judgment is correct. It is accordingly affirmed.