## BOARD OF EDUCATION OF LOUISVILLE

### v.

## CITIZENS FIDELITY BANK & TRUST CO. et al.

Court of Appeals of Kentucky.

Dec. 18, 1953.

Wm. T. Baskett, Louisville, for appellant.

James W. Stites, Louisville, for appellees.

STANLEY, Commissioner.

In accordance with KRS 418.020, the Board of Education of Louisville and all the Louisville banks and trust companies submitted to the circuit court, without formal action, a statement of facts and contentions of law with respect to the taxability of shares of bank stock under a levy of a special and additional rate for financing the acquisition, improvement or building of school property as provided by KRS 160.-477, an Act of 1950, Ch. 142. The Board of Education appeals a decree that the tax on the shares of stock cannot exceed forty cents on the $100 valuation, as provided in KRS 136.270, and that the rate should be apportioned thirty cents for general school purposes and ten cents for the special purpose.

KRS 136.270 imposes an annual tax on shares of stock of banks and trust companies of fifty cents on each $100 of their fair cash value and declares that such tax "shall be for state purposes only, and in lieu of all other taxes upon such shares by the state, or any county, city or other tax-

ing district, except as provided in subsections (2), (3) and (4) of this section." Subsections (2) and (3) permit the county and the city in which such institution is located to levy, respectively, a tax not exceeding twenty cents. Subsection (4) is as follows:

"A tax not exceeding forty cents on the one hundred dollars of the fair cash value of the shares may be imposed for school purposes in the district in which the bank or trust company is located."

KRS 160.477 authorizes a popular referendum in any district on "the question as to whether a special school building tax rate of not less than five cents nor more than fifty cents * * * on each one hundred dollars of property subject to local taxation" should be levied. The statute prescribes that this tax levy shall be in addition to the maximum tax levy for general school purposes provided by KRS 160.475. At an election held last November a majority of the voters of the Louisville school district favored the imposition of this tax. Accordingly, the Board of Education passed a resolution requesting the Board of Aldermen to levy (1) for general school purposes a $1.50 tax on real estate and tangible personal property; (2) a forty cent tax on bank shares and domestic life insurance companies; and (3) a fifty cent special building tax on such shares of stock. KRS 160.460. Taxes on distilled spirits were also requested.

■ The Board of Education contends that KRS 160.477 is independent of the bank shares taxing statute, KRS 136.270, and authorizes the imposition of the additional tax on such shares since the statute declares that the same shall be levied on all "property subject to local taxation" within the school district. The argument runs head-on against the declaration of KRS 136.270 declaring that the taxes there levied and authorized shall be "in lieu of all other taxes upon such shares by the state, or any county, city or other taxing district." It is indeed an independent statute. The

Act, Ch. 142, Acts of 1950, did not purport to amend KRS 136.270. It is a rule of statutory construction that where an act treats a subject in general terms and contains no provisions which contradict or conflict with the provisions of a prior statute having particular and specific terms, the new act must be regarded as not having intended to affect the existing statute. Both will be construed together. Mauget v. Plummer, 107 Ky. 41, 52 S.W. 844; Board of Council of City of Danville v. Raum, 141 Ky. 198, 132 S.W. 1019. There is no difficulty in harmonizing the two statutes. The statute is but an enabling act, See Folks v. Barren County, 313 Ky. 515, 232 S.W.2d 1010, and cannot be construed as authorizing a school district by a vote of the people to increase the rate of forty cents definitely and exclusively prescribed by the existing law.

■ The question of limitation of the maximum rates prescribed by the Act of 1924, now KRS 136.270, was before the Court in Jones v. Citizens Bank, 228 Ky. 699, 15 S.W.2d 468. We held that bank shares are liable for taxes only according to that statute and could not be subjected to a special county levy of twenty cents for the sinking fund of bonds issued for road construction, even though the bonds had been voted and issued before the original enactment. The instant case presents no better reason for sustaining the right to additional tax than did the Jones case. We hold, as did the circuit court, that the maximum rates on bank shares prescribed by KRS 136.270 must prevail.

■ As stated above, the Board of Education undertook to have two levies simultaneously made upon the bank shares, namely, forty cents for general purposes and fifty cents for the special purpose. Since subsection (4) of KRS 136.270 fixes the forty cent tax for school purposes without delimitation, and KRS 160.477 makes assessable all property subject to local taxation, we think the trial court reasonably apportioned the forty cents maximum between the general and the special purpose in the proportion that the resolution of the Board

of Education calls to be levied on all other property, namely, $1.50 for "general school purposes" and fifty cents for "special school building" purpose.

The judgment is affirmed.