**COMMONWEALTH of Kentucky, Appellant,**

v.

**Meatie Ann McKINNEY, Ruth Kinslow, Elaine Anthony Morris and Priscilla Alexander, Appellees.**

Court of Appeals of Kentucky.

July 13, 1979.

Rehearing Denied Sept. 14, 1979.

Discretionary Review Denied March 25, 1980.

Robert F. Stephens, Atty. Gen., George M. Geoghegan, III, Sarah Weyler, Asst. Attys. Gen., Frankfort, for appellant.

Brad Coffman, Reeves & Coffman, Bowling Green, for appellee, Meatie Ann McKinney.

Jack E. Farley, Public Advocate, M. Gail Robinson, Asst. Public Advocate, Frankfort, Flora Templeton Stuart, Bowling Green, for appellees, Ruth Kinslow, Elaine A. Morris, and Priscilla Alexander.

Ann Hunsaker, Ryan M. Halloran, Dept. for Human Resources, Frankfort, for amicus curiae, Commonwealth of Kentucky, Dept. for Human Resources.

Before LESTER, HOGGE and WILHOIT, JJ.

HOGGE, Judge.

This is an appeal from a judgment of the Warren Circuit Court dismissing indictments against the appellees which charged theft by deception in violation of KRS 514.-040. The appellees, Meatie Ann McKinney, Ruth Kinslow, Elaine Anthony Morris and Priscilla Alexander, were charged with having committed the felonious acts by obtaining "welfare" payments or public assistance from the Commonwealth of Kentucky by making false statements. The indictments were dismissed on the grounds that the prosecution of these cases as a felony under KRS 514.040 subverted the intention of the legislature in regard to punishing welfare fraud as expressed in KRS Chapter 205. The court, in its judgment, pointed out that in a situation as between legislation of a broad and general nature on one hand and legislation dealing minutely with specific matters on the other hand, the specific prevails over the general and that the specific statute dealing with welfare fraud takes precedence over KRS 514.040, the general statute on theft by deception, citing *City of Bowling Green v. Board of Education,* Ky., 443 S.W.2d 243 (1969).

In this appeal, the Commonwealth contends that this ruling was erroneous and that the statutory construction applied by the circuit court does not fit this case. An amicus curiae brief has been filed by the Department for Human Resources, also urging that the prosecutions under KRS 514.040 were proper.

The text of the statutes involved in this case follows:

514.040 Theft by deception

(1) A person is guilty of theft by deception when he obtains property of an-

other by deception with intent to deprive him thereof. A person deceives when he intentionally:

(a) Creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; or

(b) Prevents another from acquiring information which would affect his judgment of a transaction; or

(c) Fails to correct a false impression which the deceiver previously created or reinforced or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship; or

(d) Fails to disclose a known lien, adverse claim or other legal impediment to the enjoyment of property which he transfers or encumbers in consideration for the property obtained, whether such impediment is or is not valid or is or is not a matter of official record; or

(e) Issues or passes a check or similar sight order for the payment of money, knowing that it will not be honored by the drawee.

205.225 Misrepresentation of fact to obtain assistance; action of secretary

If the secretary finds that public assistance payments have been made in error to any person, or if any person knowingly makes a false statement or misrepresentation of a material fact or knowingly fails to disclose a material fact to the department for human resources for the purpose of obtaining or increasing any initial or continuing public assistance payments, the secretary may take the following action:

(1) Withhold future public assistance payments until all overpayments are repaid or until assistance is reinstated through the appeal process set forth in KRS 205.231 to 205.237.

(2) Institute civil action in the circuit court to recover payments made in error or made as the result of fraud.

(3) Report all facts in the case to the county attorney for prosecution under KRS 205.990 if fraud is indicated.

205.990 Penalties

(2) Any person who knowingly makes a false statement or representation or knowingly fails to disclose a material fact to procure, increase or continue any benefit for himself or another or who wilfully violates any of the provisions of KRS 205.160 to 205.250 and KRS 205.290 to 205.310, or any rule or regulation thereunder, shall be fined not less than $10.00 nor more than $50.00, or imprisoned for not more than thirty (30) days, or both. Each false statement, representation, failure or violation and each benefit payment made in reliance on such false statement, representation, failure or violation shall constitute a separate offense.

The first issue is whether the circuit court erred in applying the rule of statutory construction which prefers a specific statute to a general one.

This long-established principle of Kentucky law is indicated by the opinion of the court in *Oppenheimer v. Commonwealth,* 305 Ky. 147, 150, 202 S.W.2d 373, 375 (1947):

The Bulk Sales law is a distinct and separate statute, although it does, *in general,* cover a transaction of this kind. But the Unemployment Compensation statute came later and deals with a sole and *specific matter* in regard to the transfer and assumption of a vendor's reserve account. *It must prevail to the extent that it can be said to be inconsistent with the Bulk Sales Statute.* (Emphasis added).

In *Board of Education v. Citizens Fidelity Bank & Trust Company,* Ky., 263 S.W.2d 112, 113 (1953), it was recognized that where a general statute and specific statute do not contradict they should be construed together and harmonized:

It is a rule of statutory construction that where an act treats a subject in general terms and contains no provisions

which contradict or conflict with the provisions of a prior statute having particular and specific terms, the new act must be regarded as not having intended to affect the existing statute. Both will be construed together. [*Mauget v. Plummer,* 107 Ky. 41, 52 S.W. 844; *Board of Council of City of Danville v. Raum,* 141 Ky. 198, 132 S.W. 1019.] There is no difficulty in harmonizing the two statutes.

The foregoing principles were recognized most recently in *City of Bowling Green v. Board of Education, supra,* at page 247:

There are three established rules of statutory construction which take precedence over the rule which is urged on behalf of the City, and which, when considered together, are dispositive of the issue here presented. These rules are: (1) That it is the duty of the court to ascertain the purpose of the General Assembly, and to give effect to the legislative purpose if it can be ascertained; (2) that conflicting Acts should be considered together and harmonized, if possible, so as to give proper effect and meaning to each of them; and (3) that as between legislation of a broad and general nature on the one hand, and legislation dealing minutely with a specific matter on the other hand—the specific shall prevail over the general.

In applying this law in these cases to this case, we must first ask: Does KRS 514.040 conflict with KRS Chapter 205 as it pertains to welfare fraud? If it does, then the trial court is correct. If it does not, then the trial court has erred.

■ We find there is no conflict in the two statutes in question. It is true the penalties are conflicting, and if the two penalties applied to the same violation then there would be a conflict.

KRS 514.040 is violated when one (1) obtains the property of another, (2) by deception, (3) with intent to deprive him thereof. KRS 205.225 is the substantive section of the chapter that describes the crime and KRS 205.990(2) is the penalty section that prescribes the penalty for the crime. The crime is described in KRS 205.-225 as when one (1) knowingly makes a false statement or representation or fails to disclose a material fact, (2) *for the purpose* of obtaining or increasing any initial or continuing public assistance payments. The words in KRS 205.990, "to procure, increase or continue" must be read with and have the same meaning of the descriptive words in KRS 205.225, "*for the purpose of.*"

■ With this construction, it is abundantly clear that under KRS Chapter 205, unlike KRS 514.040, it is not necessary that the property be actually obtained before prosecution can be had. The gravamen of the offense is the making of the fraudulent statement or representation for the purpose of obtaining benefits. One who knowingly makes such fraudulent statements is guilty if he never obtains anything. The penalties are therefore for a different crime and the statutes are not conflicting.

*People v. Brooks,* 65 Ill. 343, 2 Ill.Dec. 726, 357 N.E.2d 1169 (1976), made this same construction of similar statutes in Illinois, noting that each statute would require different proof from the other and there was no indication that the legislature intended the public aid section to apply to the exclusion of the theft provisions of the state's penal code. *See also State v. Drake,* 79 N.J.Super. 458, 191 A.2d 802 (1963), for a similar result.

The two statutes here, by the above reasoning, can be harmonized, *Board of Education v. Citizens Fidelity Bank and Trust Company, supra,* and it is not necessary to apply the law that specific legislation prevails over a general statute.

Any other construction of these two statutes could lead to an absurd result, which should be avoided. *City of Bowling Green v. Board of Education, supra; Kirkman v. Williams Ex'r,* 246 Ky. 481, 55 S.W.2d 365 (1932). To hold that prosecution of this

case under KRS 514.040 subverted the intent of the legislation could lead to an absurd result. It is inconceivable that the legislature, by the enactment of KRS Chapter 205, ever intended to make stealing from the *state* by fraud a lesser offense than stealing by fraud from an individual. If these two statutes describe the same crime but have conflicting penalties then the legislature has awarded a premium to one to take by deception from the state rather than from an individual.

The last sentence of 205.990 does not alter the gravamen of the offense when it provides: "Each false statement, representation, failure or violation and each benefit payment made in reliance on such false statement, representation, failure or violation shall constitute a separate offense." Even this provision makes no requirement that the payment be *received,* only "each benefit payment *made* in *reliance* . . ." "Made" has no connotations of any act of the perpetration of the crime, but must relate only to an act of the paying agency. More importantly, this provision as to *payment made,* relates back to the original *fraudulent statement* and reactivates that act, and does not make the payment a part of or requirement of the criminal act.

■ Appellees Kinslow, Morris, and Alexander note that welfare legislation introduced at the 1979 Extraordinary Session of the Kentucky Legislature will amend KRS 205.990(2) to render making of a false statement to procure or attempt to procure benefits a felony if more than one hundred dollars ($100.00) was involved, which they argue would have been superfluous if KRS 514.040 was already available to punish welfare fraud. We cannot agree with this contention. The amended legislation (Senate Bill 11) was part of a major revision of social and welfare legislation, and there is no indication that it was directed at a problem of unavailability of felony charges to prosecute welfare offenders. We find no indication of intent on the part of the legislature that KRS 205.990 would be the sole statute under which false statements in applying for welfare might be punished.

■ The final question for our consideration is whether the discretion given the prosecution to bring a criminal proceeding under either statute violates appellees' constitutional rights. We do not believe that it does. Since we have distinguished the two statutes and hold that each of them apply to different circumstances and not the same offense the objections of denial of equal protection and due process must fail. These objections would be appropriate only where the conflicting penalties were for the same offense.

With these objections removed we perceive the law to be that set out by the Supreme Court of the United States in *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604, 611 (1978):

> In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion. Within the limits set by the legislature's constitutionally valid definition of chargeable offenses, "the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation" so long as "the selection was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Oyler v. Boles,* 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446.

We hold that the trial court erred in dismissal of the indictments of the appellees in this case.

The judgment of the circuit court is reversed.

All concur.