**WILDOT, INC., Movant,**

v.

**KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION,** Respondent.

No. 87–SC–785–DG.

Supreme Court of Kentucky.

Dec. 15, 1988.

James C. Shackelford, Andrews and Shackelford, Lexington, for movant.

John H. Walker, Cabinet for Human Resources, Frankfort, for respondent.

STEPHENSON, Justice.

The Kentucky Unemployment Insurance Commission found Wildot to be a successor employing unit pursuant to KRS 341.540. The trial court and the Court of Appeals affirmed. We granted discretionary review and reverse.

Zenco Corporation operated a restaurant in Florence, Kentucky, under the franchise name "Duff's Smorgasbord." Prior to April 8, 1983, Zenco was experiencing acute financial difficulties and in fact had notified its landlord that it would have to abandon the leased premises. On April 11, 1983, the day after Zenco ceased operations, movant Wildot, Inc., negotiated a lease with the owner of the building, occupied the premises and began a restaurant operation under the franchise name "Duff's Smorgasbord." To avoid repossession, Wildot paid Zenco's debts on the movable restaurant equipment. Several of Zenco's former employees were hired, and Wildot acquired certain inventory worth approximately $1,000 which was abandoned by Zenco and was largely disposed of as worthless by Wildot. Wildot was subsequently notified that it had been determined to be a successor to Zenco for unemployment insurance contribution purposes.

KRS 341.540(1) provides:

Any employing unit which succeeds to or acquires the organization, trade or business of a subject employer shall assume the resources and liabilities of the predecessor's reserve account, including penalties, and shall continue the payment of all contributions and penalties due under this chapter, except that the successor or acquirer shall not be required to assume the liability of any delinquent contributions and penalties of a predecessor or predecessors unless the cabinet notifies the successor or acquirer of such delinquency within six (6) months after the department has notice of the succession or acquisition.

Wildot appealed to the Commission which affirmed the administrative determination. In reaching its decision the Commission stated that it generally found the existence of succession when two of the following conditions are met:

1. The business was a going concern when acquired.

2. The subsequent owner or operator continued or resumed basically the same type of business in the same establishment.

3. The subsequent owner employed 50 percent or more of the previous owner's personnel.

4. The previous owner employed 50 percent or more of the subsequent owner's personnel.

5. The subsequent owner acquired significant work contracts or commitments from the previous owner.

The Commission found the existence of the first two conditions and determined that Wildot was a successor employer. The trial court affirmed. It found sufficient evidence to support the Commission's finding that the business was a going concern when acquired, and noted that Wildot admitted that it continued or resumed basically the same type of business in the same establishment. The circuit court specifically found that the regulations incorporating the five criteria used by the Commission in its determination were validly published and did not go beyond or modify the intent of KRS 341.540.

After the case was in the Court of Appeals the parties and the court discovered that the regulation incorporating the five criteria used by the Commission was not adopted until after the Wildot assessment. The Court of Appeals affirmed the judgment of the trial court, holding the manner of adoption of the regulation incorporating the five criteria is of no consequence for the reason the Commission's decision was not based on the regulations.

We do not reach the argument with regard to the regulation not being in effect at the time of the assessment against Wildot.

The facts are not in dispute. The only question presented is whether these facts come within the language of the statute: "... succeeds to or acquires the organization, trade or business...." We are of the opinion that under the facts here Wildot did not "succeed to the business of Zenco." Even under the criteria adopted by the Commission, this would be the logical result. There is not any way that Zenco could be considered a going concern on April 11 when Wildot commenced business.

The Commission recognized that Wildot "took an abandoned business." Then curiously enough the Commission found that Zenco was a "going concern." How this transformation took place is not explained. It is clear to us that Zenco was out of business, that there was absolutely no connection, negotiation, or transaction between Zenco and Wildot, and that Wildot did not succeed to or acquire anything from Zenco.

We are of the opinion the plain language of the statute requires some connection between the two businesses before liability can be imposed. There is none at all here.

We do not attempt to set out what negotiation, transfer, or connection there should be to come within the provisions of the statute.

*Oppenheimer v. Commonwealth*, 305 Ky. 147, 202 S.W.2d 373 (1947), cited by the Commission for general principles, involved the purchase and transfer of a business. The statute then in effect, KRS 341.540, provided: "If a subject employer shall transfer or otherwise reorganize his entire organization, trade, or business the successor in interest is hereby required to assume," etc.

*Oppenheimer* clearly regarded the statute in 1947 as requiring a transaction between the parties. The present statute is not all that different. By its terms, it contemplates some connection, negotiation or transaction between the parties.

The decision of the Court of Appeals, the judgment of the trial court, and the order of the Commission are reversed.

STEPHENS, C.J., and GANT, LEIBSON, VANCE and WINTERSHEIMER, JJ., concur.

LAMBERT, J., dissents.