# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: NOVEMBER 2, 2017
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2017-SC-000110-DG

DATE 11/27/17 Kim Redmon, DC

COMMONWEALTH OF KENTUCKY                                    APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.                    CASE NO. 2015-CA-001916-MR
MONTGOMERY CIRCUIT COURT NO. 15-CR-00079

MANDY HUGHES                                              APPELLEE

## MEMORANDUM OPINION OF THE COURT

### REVERSING

Mandy Hughes sold to a confidential informant ten capsules containing heroin, the aggregate weight of which amounted to less than two grams of heroin. She was indicted for trafficking in a controlled substance under Kentucky Revised Statute (KRS) 218A.1412(1)(c),[1] a statute creating an offense

---

[1] Effective June 29, 2017, the legislature amended KRS 218A.1412 to now state the following:

> (1) A person is guilty of trafficking in a controlled substance in the first degree when he or she knowingly and unlawfully traffics in:
>
> (b) Two (2) grams or more of methamphetamine;
> ...
> (d) Any quantity of heroin...

As a result of this legislative amendment, the conflict at the center of this case, and any future case with this issue, no longer exists because possessing any quantity of

punishable as a Class C felony with five to ten years' imprisonment for trafficking two or more grams or ten or more dosage units of a Schedule I Controlled Substance, which classification includes heroin. Hughes moved the trial court to amend the indictment. She argued that she was improperly charged, the proper charge being under KRS 218A.1412(1)(e), a Class D felony punishable by one to five years' imprisonment for trafficking in less than two grams of a Schedule I Controlled Substance.

The trial court denied Hughes's motion, concluding that the Commonwealth exercised its discretion in determining under which section of KRS 218A.1412 to prosecute Hughes. Hughes then entered a conditional guilty plea to the charge in the indictment and appealed the trial court's ruling to the Court of Appeals. The Court of Appeals reversed the ruling of the trial court and held that a statutory conflict existed within KRS 218A.1412 such that Hughes, having trafficked in less than two grams of heroin, could only be charged with a Class D felony under KRS 218A.1412(1)(e). We granted discretionary review, reverse the opinion of the Court of Appeals, and reinstate the trial court's judgment.

## I. BACKGROUND

At all times relevant to this case, KRS 218A.1412 stated the following relevant provisions:

---

heroin whatsoever or possessing ten or more dosage units of heroin both result in a Class C felony conviction instead of the Class C and D discrepancy Hughes alleges under the version of KRS 218A.1412 under which she was prosecuted.

2

(1) A person is guilty of trafficking in a controlled substance in the first degree when he or she knowingly and unlawfully traffics in:

(b) Two (2) grams or more of heroin...;

(c) Ten (10) or more dosage units of a controlled substance that is classified in Schedules I or II and is a narcotic drug, or a controlled substance analogue;

...

(e) Any quantity of a controlled substance specifie in paragraph (a), (b), or (c) of this subsection in an amount less than the amounts specified in those paragraphs.

...

(3) (a) Any person who violates the provisions of subsection (1)(a), (b), (c), or (d) of this section shall be guilty of a Class C felony for the first offense and a Class B felony for the second or subsequent offense.

(b) Any person who violates the provision of subsection (1)(e) of this section: 1. Shall be guilty of a Class D felony for the first offense.

KRS 218A.010(12) defines *dosage unit* as a "single pill, *capsule*, ampule, liquid, or other form of administration available as a single unit[.]"[2] Heroin is a Schedule I Controlled Substance.[3] KRS 532.060(2)(c) imposes a five to ten-year

---

[2] (emphasis added).

[3] KRS 218A.050, Kentucky's enumeration of Schedule I Controlled Substances, was repealed by the legislature during the pendency of this case. The Court of Appeals relied on this statute in finding heroin to be a Schedule I Controlled substance. KRS 218A.020(3)(a), currently in effect, states, "If any substance is designated or rescheduled as a controlled substance under the federal Controlled Substances Act, the drug shall be considered to be controlled at the state level in the same numerical schedule corresponding to the federal schedule." 21 U.S.C. § 812 Schedule I(b)(10), a section of the federal Controlled Substances Act, lists heroin as a Schedule I Controlled Substance. So, regardless of which statute applies, Kentucky identifies heroin as a Schedule I Controlled Substance.

prison sentence for Class C felonies, while KRS 532.060(d) imposes a one to five-year prison sentence for Class D felonies.

In sum, the statutes listed above frame the sole issue in this case: Whether an individual selling ten capsules–but less than two grams–of heroin should be charged under KRS 218A.1412(1)(c), a Class C felony and punishable by five to ten years' imprisonment, or under KRS 218A.1412(1)(e), a Class D felony and punishable by one to five years' imprisonment.

## II. ANALYSIS

"Insofar as this case requires us to construe statutory provisions, we do so *de novo*."[4] We agree with the Commonwealth that no ambiguity in the relevant version of KRS 218A.1412 exists. The version of KRS 218A.1412 under review today simply provided prosecutors with two different avenues under which to charge potential offenders. The statutory sections do not conflict; rather, they provide options for the Commonwealth to combat the use and spread of heroin in Kentucky.

In finding this to be the case, we highlight the rules of statutory construction used to come to this conclusion. "The primary purpose of judicial construction is to carry out the intent of the legislature. In construing a statute, the court must consider 'the intended purpose of the statute and the

---

[4] *Commonwealth v. Morseman*, 379 S.W.3d 144, 148 (Ky. 2012) (citing *Bob Hook Chevrolet Isuzu, Inc. v. Commonwealth Transp. Cabinet*, 983 S.W.2d 488, 490-91 (Ky. 1998)).

4

mischief intended to be remedied.'"[5] "The first principle of statutory construction is to use the plain meaning of the words used in the statute."[6] "A court may not interpret a statute at variance with its stated language."[7] "We presume that the General Assembly intended for the statute to be construed as a whole, for all of its parts to have meaning, and for it to harmonize with related statutes."[8] "[S]tatutes must be given a literal interpretation unless they are ambiguous and if the words are not ambiguous, no statutory construction is required."[9]

In addition to these statutory canons, we recognize that "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion."[10]

The reading of the relevant version of KRS 218A.1412 is simple: If a situation arises where an individual is trafficking in less than two grams of heroin, but more than ten dosage units, the Commonwealth can use KRS 218A.1412(1)(c) or (e) to charge the individual. The language of the statute is

---

[5] *Monumental Life Ins. Co. v. Department of Revenue*, 294 S.W.3d 10, 19 (Ky. App. 2008).

[6] *Monumental Life Insurance*, 294 S.W.3d at 19 (citing *Revenue Cabinet v. O'Daniel*, 153 S.W.3d 815 (Ky. 2005)).

[7] *SmithKline Beecham Corp. v. Revenue Cabinet*, 40 S.W.3d 883, 885 (Ky. App. 2001).

[8] *Shawnee Telecom Res., Inc. v. Brown*, 354 S.W.3d 542, 551 (Ky. 2011).

[9] *Commonwealth v. Plowman*, 86 S.W.3d 47, 49 (Ky. 2002).

[10] *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

clear, and the language of the statute effectuates the intent of the legislature—the spread of heroin is an epidemic, a "mischief," plaguing this state, and the relevant version of KRS 218A.1412 gave the Commonwealth options for battling this plague. In a situation like Hughes's, where a defendant trafficked in ten dosage units, but less than two grams, of heroin, the plain and literal meaning of KRS 218A.1412 afforded the prosecutor the discretion to seek an indictment under (1)(c) or (1)(e), thereby imposing a Class C or D felony punishment. This is not conflict or ambiguity—is permissible prosecutorial discretion.

Because the statutes do not conflict and are not ambiguous, the Court of Appeals incorrectly concluded that because "the specific provision takes precedence over the general,"[11] and because KRS 218A.1412(1)(b) specifically enumerates "heroin" when making punishable trafficking in two or more grams of heroin, this meant that KRS 218A.1412(1)(e) always applied in a situation like the factual circumstances of this case. The statutory canons used by the Court of Appeals only apply in circumstances of statutory conflict or ambiguity. As we have explained, the now-superseded version of KRS 218A.1412 simply provided alternative avenues, options, for the Commonwealth to battle the spread of heroin, not conflicting statutes showing contrary legislative intent.

In addition, the Court of Appeals incorrectly resorted to a common understanding of *dosage unit*, instead of applying the statute's enumerated definition of *dosage unit*. "When there is no specific statutory definition, words

---

[11] *Commonwealth v. Phon*, 17 S.W.3d 106, 107 (Ky. 2000).

of a statute shall be construed according to their common and approved usage."[12] "An unambiguous statute is to be applied without resort to any outside aids."[13] Taken together, these rules of law provide that a statute's enumeration of a term, if present, takes precedence over the common usage of a term. The Court of Appeals incorrectly resorted to a common-usage definition of *heroin* when concluding that the legislature did not intend for heroin to be measured in prescribed amounts, but rather by bulk weight. KRS 218A.010(12) clearly defines *dosage unit* as a "single pill, *capsule*, ampule, liquid, or other form of administration available as a single unit[.]"[14] In other words, ten capsules of heroin equates to ten dosage units of heroin under the language of the statute. KRS 218A.010(12) is unambiguous in this regard, so we do not resort to the common usage of *dosage unit*.

We find applicable to the present case the Court of Appeals' statement in *Commonwealth v. McKinney*.[15] There, the Court of Appeals stated that if two penalties apply to the same violation, a statutory conflict exists, and rules of statutory construction must be applied to resolve the conflict.[16] But two different violations in KRS 218A.1412 exist under the facts of the present case—trafficking heroin by ten or more dosage units and trafficking heroin by

---

[12] *Kentucky Unemployment Ins. Co. v. Jones*, 809 S.W.2d 715, 716 (Ky. App. 1991) (citing *Claude N. Fannin Wholesale Co. v. Thacker*, 661 S.W.2d 477 (Ky. App. 1983)).

[13] *Commonwealth v. Plowman*, 86 S.W.3d 47, 49 (Ky. 2002).

[14] (emphasis added).

[15] 594 S.W.2d 884 (Ky. App. 1979).

[16] *McKinney*, 594 S.W.2d at 887.

less than two grams. Trafficking heroin by dosage unit requires the heroin to be packaged inside a "single pill, *capsule*, ampule, liquid, or other form of administration available as a single unit"[17], in addition to a requirement that ten of these dosage units exist, which trafficking less than two grams of heroin does not. Similarly, trafficking less than two grams of heroin requires some quantity of heroin to exist, while this fact alone would not satisfy a conviction of trafficking ten or more dosage units. Because the crimes are distinct, no conflict exists.

Lastly, while the rule of lenity requires any ambiguity in a statute to be resolved in favor of a criminal defendant,[18] because we find no ambiguity in the relevant version of KRS 218A.1412, the rule of lenity does not apply in this case.

## III.   CONCLUSION

We reverse the Court of Appeals opinion and hold that the version of KRS 218A.1412 as it existed at all times relevant to this case afforded the Commonwealth the ability to seek indictment of individuals under either subsection (1)(c) or (1)(e) when either statute applied to the circumstances of the case. Therefore, no error occurred when the trial court denied Hughes's motion to amend the indictment. The judgment of the trial court is reinstated.

All sitting. All concur.

---

[17] KRS 218A.020(12) (emphasis added).

[18] *White v. Commonwealth,* 178 S.W.3d 470, 483-84 (Ky. 2005).

COUNSEL FOR APPELLEE:

Shannon Renee Dupree
Assistant Public Advocate


COUNSEL FOR APPELLANT:
Andy Beshear
Attorney General of Kentucky

Emily Lucas
Attorney General's Office