457 A.2d 562

**COMMONWEALTH of Pennsylvania**

v.

**Lydia E. SOLTIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1982.

Filed March 11, 1983.

Petition for Allowance of Appeal Denied Aug. 24, 1983.

196

Arthur K. Dils, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before CAVANAUGH, BECK and MONTEMURO, JJ.

MONTEMURO, Judge:

This is an appeal from a judgment of Sentence entered by the Honorable William W. Lipsitt, Judge, Court of Common Pleas, Dauphin County.

The appellant, Lydia E. Soltis, was tried before a jury and convicted of theft by deception [1] and violation of the Com-

1. 18 Pa.C.S.A. § 3922.

monwealth's Public Assistance laws.[2] For the first offense, she was sentenced to a term of imprisonment of one (1) to twelve (12) months and to pay a fine of $100. For the second offense she was sentenced to a term of imprisonment of five (5) to twelve (12) months, consecutively, to pay a fine of $100 dollars and to make restitution in the amount of $6,851.00 to the Commonwealth, Department of Public Assistance.[3]

Pursuant to Section 481(a) of the Public Welfare Code,[4] the Commonwealth charged the appellant with securing Public Assistance funds by means of misrepresentation of her income from 1975 to 1979. The evidence produced by the Commonwealth shows that from 1970 to 1979, the appellant, a recipient of Public Assistance, was also receiving $55.00 per month for each of two children from a private trust fund. She allegedly did not report this to the Department of Public Assistance. The Commonwealth presented five of the appellant's caseworkers who produced records indicating that the appellant was not receiving income from any source other than Public Assistance. The records also reflected no change in her income status from 1970 to 1979. The information contained in these records was the result of routine and periodic personal contacts with the appellant during which questions were asked the appellant by the case workers. Any information obtained at these "redetermination" interviews was logged in the records. The witnesses also testified that had the income from the trust fund been disclosed at these interviews, it would have been indicated in the records and the appellant's Public Assistance funds would have been adjusted accordingly. The appellant maintains that she informed the first three caseworkers who worked on her case of the existence of the trust fund and that such money was being held for

2. Public Welfare Code of June 13, 1967, 62 P.S. § 481(a), as amended, 1976, July 9, P.L. 993, No. 202 § 8, effective in 60 days.

3. The amount of restitution reflects that period in which the statute of limitations had not yet run. 62 P.S. 481(c).

4. See n. 2, *supra.*

her children's educations. However, she admits that from 1975 to 1979 she was using the money from the fund to repay a $15,000.00 mortgage that was obtained to pay accruing debts and taxes.

On appeal it is argued that the crime of theft by deception merges with the violation of Section 481(a) of the Public Welfare Code and therefore it was improper for the Commonwealth to try, convict and sentence the appellant for both crimes. Appellant also argues that the evidence produced by the Commonwealth was insufficient to overcome her presumption of innocence.

We consider first the question of merger of the two offenses. The crime of theft by deception is defined at 18 Pa.C.S.A. § 3922 as follows:

(a) **Offense defined.**—A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;

(2) prevents another from acquiring information which would affect his judgment of a transaction; or

(3) fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship.

Section 481(a) of the Public Welfare Code provides:

§ 481. **False statements; penalty**

(a) Any person who, either prior to, or at the time of, or subsequent to the application for assistance, by means of a wilfully false statement of misrepresentation, or by impersonation or other fraudulent means, secures, or attempts to secure, or aids or abets any person in securing assistance, or Federal food stamps, under this article shall be guilty of a misdemeanor, and, upon conviction

thereof, shall be sentenced to pay a fine not exceeding one thousand dollars ($1,000), or to undergo imprisonment not exceeding one year, or both, and also shall be sentenced to make restitution of any moneys he has received by reason of any such false statement, misrepresentation, impersonation, or fraudulent means.

This specific issue was considered recently by this court in *Commonwealth v. Warner*, 309 Pa.Super. 386, 455 A.2d 663 (1982), wherein it was recognized that the policy of Pennsylvania law precludes prosecutions under general provisions of a penal code when special penal provisions are available. *Commonwealth v. Vukovich*, 301 Pa.Super. 111, 447 A.2d 267 (1982). It was further recognized that the Uniform Statutory Construction Act directs that special statutory provisions shall prevail over general statutory provisions "unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail." 1 Pa.C.S. § 1933.

In accordance with our analysis and decision in *Commonwealth v. Warner, supra,* we hold that the appellant's prosecution pursuant the specific statutory provisions of Section 481(a) of the Public Welfare Code precludes prosecution under the more general statutory provision of theft by deception. We therefore vacate the appellant's sentence for the crime of theft by deception.[5]

We find no merit in the appellant's second argument regarding sufficiency of evidence. In determining the sufficiency of evidence in a criminal case the test is,

Whether, accepting as true all of the evidence of the Commonwealth and all reasonable inferences arising therefrom, upon which, if believed, a finder of fact could

5. Although this issue was not properly raised in the proceedings below, it is not waived. Where two convictions are based on the same act, and an illegal sentence results therefrom, the failure to raise this issue does not preclude appellate review. *Commonwealth v. Walker,* 468 Pa. 323, 362 A.2d 227 (1976); *Commonwealth v. Usher,* 246 Pa.Super. 602, 371 A.2d 995 (1977).

properly have based its verdict, such evidence was suffi-
cient in law to prove the elements of the crime in question
beyond a reasonable doubt.

*Commonwealth v. Segers,* 460 Pa. 149, 157, 331 A.2d 462,
466 (1975). Furthermore, this standard is equally applicable
where the evidence is circumstantial rather than direct so
long as the combination of evidence links the accused to the
crime beyond a reasonable doubt. *Commonwealth v. Sul-
livan,* 472 Pa. 129, 371 A.2d 468 (1977).

■ Following a detailed review of the entire record and
briefs, we find that there was overwhelming evidence indi-
cating that the appellant misrepresented her financial sta-
tus to secure monetary assistance and food stamps.

The judgment of sentence for theft by deception is vacat-
ed. The judgment of sentence for violation of the Public
Welfare Code is affirmed.