455 A.2d 663

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Rena A. WARNER.**

Superior Court of Pennsylvania.

Argued March 3, 1982.

Filed Dec. 17, 1982.

Reargument Denied Feb. 23, 1983.

Petition for Allowance of Appeal
Granted June 2, 1983.

Joseph W. Carroll, III, Assistant District Attorney, West Chester, for Commonwealth, appellant.

Candace G. McCoy, Assistant Public Defender, West Chester, for appellee.

Before WIEAND, BECK and HOFFMAN, JJ.

WIEAND, Judge:

Rena Warner was charged with theft by deception and welfare fraud as a consequence of false statements made to obtain welfare payments in the total amount of $2,967.68. The trial court, on motion of the defendant, dismissed the general charge of theft on the grounds that Ms. Warner could be prosecuted only for violating the specific welfare fraud provision of the Public Welfare Act. The Commonwealth appealed. We affirm.

The welfare funds in question were paid to appellee in the form of full public assistance from January, 1978 to June, 1979. During that period, she failed to report any other income. In fact, she was receiving income from employment by Chester County Headstart, Inc. The Commonwealth has charged that appellee knew she was required to report her earnings but willfully misrepresented her employment status in order to defraud the Commonwealth.

At the outset, appellee challenges the Commonwealth's right to appeal an order dismissing one count of a two count information. The order has terminated finally a prosecution for theft and is based solely on a question of law. The order, therefore, is appealable, and this Court has jurisdiction to decide the substantive issue. See: *Commonwealth v. Wimberly*, 488 Pa. 169, 172, 411 A.2d 1193, 1194 (1979); *Commonwealth v. White*, 482 Pa. 197, 199 n. 2, 393 A.2d 447, 448 n. 2 (1978); *Commonwealth v. Minton*, 288 Pa.Super. 381, 384 n. 1, 432 A.2d 212, 213 n. 1 (1981); *Commonwealth v. Madronal*, 279 Pa.Super. 57, 60, 420 A.2d 742, 743 (1980); *Commonwealth v. Glendening*, 262 Pa.Super. 357, 359, 396 A.2d 793, 794 (1979); *Commonwealth v. Mader*, 253 Pa.Super. 58, 59–60, 384 A.2d 974, 975 (1978).

The crime of theft by deception is defined at 18 Pa.C.S.A. § 3922 as follows:

(a) Offense defined.—A person is guilty of theft if he intentionally obtains or witholds property of another by deception. A person deceives if he intentionally:

(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;

(2) prevents another from acquiring information which would affect his judgment of a transaction; or

(3) fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship.

The provision of the Public Welfare Code of June 13, 1967, which appellee is charged with violating, can be found at 62 P.S. § 481(a). This section provides:

(a) Any person who, either prior to, or at the time of, or subsequent to the application for assistance, by means of a wilfully false statement of misrepresentation, or by impersonation or other fraudulent means, secures, or attempts to secure ... assistance ... under this article shall be guilty of a misdemeanor ....

■ "It is the policy of the law not to permit prosecutions under the general provisions of a penal code when there are applicable special penal provisions available." *Commonwealth v. Vukovich*, 301 Pa.Super. 111, 117, 447 A.2d 267, 269 (1982), citing *Commonwealth v. Brown*, 346 Pa. 192, 199, 29 A.2d 793, 796–97 (1943). This general policy, of course, should not be applied rigidly and mechanically where there is a clearly expressed legislative intent to the contrary. However, the fact that the legislature has enacted a specific statute covering substantially the same misconduct as a general law is a strong indication that the legislature intended prosecutions to be for violating the specific provision only. In most instances, an overlap of provisions will be determinative of the legislative intent.

■ The Commonwealth argues strenuously in the instant case that both prosecutions should be permitted to proceed because the crime of welfare fraud is complete as

soon as a false statement is made for the purpose of obtaining welfare benefits; whereas, the offense of theft by deception is not complete until benefits are received as a result of those false statements. This argument is frayed. In fact, the specific crime of welfare fraud, in every conceivable circumstance, has been made criminal also by the general provisions of the Crimes Code. If a person secures or attempts to procure assistance by means of a false statement, he or she is guilty of welfare fraud. This result obtains regardless of the nature of the fraud practiced. However, the person is then guilty also of violating the general provisions of the Crimes Code. If he or she secures assistance by fraudulent means, the offense is theft by deception; if the attempt is unsuccessful and the person fails to obtain assistance, the offense of criminal attempt has been committed. See: 18 Pa.C.S. § 901(a).

Contrary to appellant's argument, moreover, it is incorrect to assume that the general rule is inapplicable whenever the general statute contains an element not contained in the specific statutory offense. Rather, a court must consider the context in which the statutes were written and determine whether the legislature intended that the specific statute preclude prosecution under the general statute. This approach has been adopted and is now followed by the courts of California. See: *People v. Jenkins*, 28 Cal.3d 494, 170 Cal.Rptr. 1, 620 P.2d 587 (1980). It is consistent with the provision of the Uniform Statutory Construction Act which directs that special statutory provisions shall prevail over general statutory provisions "unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail." 1 Pa.C.S. § 1933. See also: *Commonwealth v. Bidner*, 282 Pa.Super. 100, 422 A.2d 847 (1980).

Several courts which have considered the specific issue now before this Court have reached varying results. In *State v. Kalvig*, 296 Minn. 395, 209 N.W.2d 678 (1973), the Minnesota Supreme Court held that prosecution for welfare

fraud could proceed only under the specific provisions of the welfare law. (This result, however, was subsequently modified by statute). See also: *Valdez v. State,* 553 S.W.2d 110 (Tex.Cr.App.1977); *Jones v. State,* 552 S.W.2d 836 (Tex.Cr.App.1977). Other courts have allowed prosecution under either a general or specific statutory provision. See: *State v. Moore,* 174 Mont. 292, 570 P.2d 580 (1977); *People v. Brooks,* 65 Ill.2d 343, 2 Ill.Dec. 726, 357 N.E.2d 1169 (1976); *Smith v. State,* Fla.App., 383 So.2d 959 (1980); *Commonwealth v. McKinney,* Ky.App., 594 S.W.2d 884 (1980). Indiana expressly allows prosecution under any and all statutes that have been violated. *Beech v. State,* 162 Ind.App. 287, 319 N.E.2d 678 (1974).

As we have observed, however, there is evident in Pennsylvania a strong policy which precludes prosecutions under general provisions of a penal code when special penal provisions are applicable. Thus, in *Commonwealth v. Vukovich, supra,* we held that prosecution for attempting to purchase a controlled substance by using a forged prescription had to be brought under the specific provisions of the Pharmacy Act[1] and could not proceed under the general forgery section of the Crimes Code.[2] Similarly, in *Commonwealth v. Bidner, supra,* we held that conduct which simultaneously violated both the Crimes Code[3] and a more specific provision of the Election Code[4] had to be prosecuted under the specific provision of the Election Code. And, in *Commonwealth v. Buzak,* 197 Pa.Super. 514, 179 A.2d 248 (1962), we ruled that where the same acts violated both the false pretenses section of the Penal Code of 1939 and a specific provision of the Unemployment Compensation Law,[5] the act could be prosecuted only under the provisions

1. Act of September 27, 1961, P.L. 1700, § 8, 63 P.S. § 390–8.

2. 18 Pa.C.S. § 4101.

3. 18 Pa.C.S. §§ 4902, 4904.

4. Election Code, Act of June 3, 1937, P.L. 1333, Art. XVIII, § 1802, 25 P.S. §§ 3502, 3533.

5. Act of March 30, 1955, P.L. 6, No. 5, § 7, 43 P.S. § 871 (as amended).

of the Unemployment Compensation Law. Finally, in *Commonwealth v. Litman*, 187 Pa.Super. 537, 144 A.2d 592 (1958), we held that a conviction for false pretenses could not stand because the acts of the defendant also violated and should have been prosecuted under the more specific provision of a statute making it criminal to obtain money by false pretenses from Blue Shield.[6]

In the present case, there is no basis for finding a contrary legislative intent. The Public Welfare Code is a comprehensive enactment. It mandates complete and truthful applicant disclosure and provides specific penalties for violations. There is no suggestion to be found in the statute that prosecution for giving false information may also proceed under general provisions of the Crimes Code. Therefore, we are constrained to apply the decisive rule that a specific statute precludes prosecution under a general statute.

Order affirmed.

---

**6.** Nonprofit Medical and Dental Service Corporation Act of 1939, June 27, P.L. 1125, § 17, 15 P.S. § 2851–1517 (repealed, Act of November 15, 1972, P.L. 1063, No. 271, § 5).