463 A.2d 1188

**COMMONWEALTH of Pennsylvania**

**v.**

**Cora Lee FLEMISTER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1983.

Filed Aug. 5, 1983.

George Shultz, Assistant Public Defender, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and CIRILLO and HOFFMAN, JJ.

CIRILLO, Judge:

This is an appeal from the judgments of sentence, entered on December 31, 1981, by the Honorable William W. Caldwell of the Court of Common Pleas of Dauphin County.

The appellant, Cora Lee Flemister, was charged with the offenses of welfare fraud [1] and theft by deception.[2]  These charges stemmed from allegations that the appellant, while receiving public assistance, concealed receipt of social security benefits and income earned by her dependent son.  As a consequence, the appellant obtained overpayments from the Department of Public Assistance, totalling $18,818.00.  A motion to quash the information was filed and subsequently denied.  Then, on September 22, 1981, the appellant was found guilty of both charges in a bench trial before Judge Caldwell.  Post-trial motions for a new trial and in arrest of judgment were filed and denied.  The appellant was later sentenced to a term of imprisonment of not less than 5 months nor more than 12 months for welfare fraud and a concurrent sentence of not less than 5 months nor more than 23 months for theft by deception.  She was also ordered to make restitution in the amount of $18,818.00 to the Department of Public Assistance.  This appeal followed.

The sole issue presented on appeal is whether the trial court erred in denying the appellant's motion to dismiss the charge of theft by deception.

1. *As amended by* the Act of July 9, 1976, P.L. 993, No. 202, Sec. 8, 62 P.S. § 481.

2. Act of December 6, 1972, P.L. 1482, No. 334, Sec. 1, 18 Pa.C.S.A. § 3922.

The crime of theft by deception is defined at 18 Pa.C.S.A. § 3922 as follows:

(a) Offense defined.—A person is guilty of theft if he intentionally obtains or witholds property of another by deception. A person deceives if he intentionally:

(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;

(2) prevents another from acquiring information which would affect his judgment of a transaction; or

(3) fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship.

The provision of the Public Welfare Code which the appellant was found guilty of violating is found at 62 P.S. § 481(a). This section provides:

§ 481. False statements; penalty

(a) Any person who, either prior to, or at the time of, or subsequent to the application for assistance, by means of a wilfully false statement of misrepresentation, or by impersonation or other fraudulent means, secures, or attempts to secure, or aids or abets any person in securing assistance, or Federal food stamps, under this article shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine not exceeding one thousand dollars ($1,000), or to undergo imprisonment not exceeding one year, or both, and also shall be sentenced to make restitution of any moneys he has received by reason of any such false statement, misrepresentation, impersonation, or fraudulent means.

The Commonwealth maintains that the lower court did not err in finding the appellant guilty of both charges. The violation of the public assistance law, it is alleged, was complete with the misrepresentation to the welfare officials,

while the charge of theft by deception relates to the assistance actually received to which the appellant was not entitled. We do not agree.

This specific issue was recently addressed by this Court in *Commonwealth v. Soltis*, 311 Pa.Super. 195, 457 A.2d 562 (1983), and *Commonwealth v. Warner*, 309 Pa.Super. 386, 455 A.2d 663 (1982). Both cases recognized that there exists in Pennsylvania a strong policy which precludes prosecutions under general provisions of a penal code when special penal provisions are applicable. Citing, *Commonwealth v. Vukovich*, 301 Pa.Super. 111, 447 A.2d 267 (1982). And, as Judge Wieand expressed for the majority in *Commonwealth v. Warner, supra:*

> This general policy, of course, should not be applied rigidly and mechanically where there is a clearly expressed legislative intent to the contrary. However, the fact that the legislature has enacted a specific statute covering substantially the same misconduct as a general law is a strong indication that the legislature intended prosecutions to be for violating the specific provision only. In most instances, an overlap of provisions will be determinative of the legislative intent.
>
> .     .     .     .     .
>
> In the present case, there is no basis for finding a contrary legislative intent. The Public Welfare Code is a comprehensive enactment. It mandates complete and truthful applicant disclosure and provides specific penalties for violations. There is no suggestion to be found in the statute that prosecution for giving false information may also proceed under general provisions of the Crimes Code. Therefore, we are constrained to apply the decisive rule that a specific statute precludes prosecution under a general statute.

309 Pa.Super. at 389, 392, 455 A.2d at 665, 666.

In accordance with our analyses and decisions in *Commonwealth v. Soltis, supra* and *Commonwealth v. Warner, supra*, we hold that the appellant's prosecution pursuant to the specific statutory provisions of Section 481(a) of

the Welfare Code precludes prosecution under the more general statutory provision in the Crimes Code dealing with theft by deception. We therefore vacate the appellant's sentence for the crime of theft by deception. The judgment of sentence for welfare fraud is affirmed.

Vacated in part and Affirmed in part.