## Commonwealth v. Utz

*Thomas M. Shorb, assistant district attorney,* for the commonwealth.

*John G. Bergdoll III,* for defendant.

MILLER, *J.,* June 3, 1986 — Before the court is defendant's motion requesting pretrial disposition under section 18 of the Drug, Device and Cosmetic Act, 35 Pa.C.S. §780-118 (1977), of the D.U.I. charge. The motion is denied.

Defendant Robin Ann Utz was arrested on or about November 10, 1985, by an officer of the West Manchester Township Police Department for driving while intoxicated and was charged with violation of sections 3731(a)(1) and 3731(a)(4) of the Pennsylvania Motor Vehicle Code. This is defendant's second offense of driving under the influence. Defendant Utz was previously arrested for the same offense on or about August 30, 1984, and she was admitted by the court to the Accelerated Rehabilitation Disposition program on March 6, 1985, as to no. 2158 CA 1984.

The issue presented to the court is whether the Drug, Device and Cosmetic Act supersedes the Vehicle Code in its teatment of the drunken driver. Section 780-118(a) of the Drug, Device and Cosmetic Act provides:

"If a person charged with a nonviolent crime claims to be drug dependent or a drug abuser and

prior to trial he requests appropriate treatment, including but not limited to, admission or commitment under the Mental Health and Mental Retardation Act of 1966 in lieu of criminal prosecution, a physician experienced or trained in the field of drug dependency or drug abuse shall be appointed by the court to examine, if necessary, and to review the accused's record and advise the government attorney, the accused and the court in writing setting forth that for the treatment and rehabilitation of the accused it would be preferable for the criminal charges to be held in abeyance or withdrawn in order to institute treatment for drug dependence or for the criminal charges to be prosecuted. The government attorney shall exercise his discretion whether or not to accept the physician's recommendation."

Section 780-118 also sets forth the procedure following appointment of a physician in accordance with subsection (a) and allows for acceptance of the report and recommendation of the physician or rejection thereof with reinstatement by the district attorney. If the physician's advice is accepted, the district attorney must arrange a hearing before the court to determine whether the criminal charges should be held in abeyance and what appropriate arrangements should be made for treatment of defendant. Section 780-118(b) and (c). Section 780-118(e) generally provides that the criminal charges may be held in abeyance for a specified term of time and shall be dismissed so long as the medical director of the treatment facility certifies that the accused is cooperating in a prescribed treatment program and is benefiting from treatment.

A drug-dependent person under this section includes one dependent upon alcohol. *Commonwealth v. Morway,* 32 Somer. Leg. Jour. 61 (1976).

On the other hand, if defendant is found to have violated section 3731 of the Motor Vehicle Code, the

violated section 3731 of the Motor Vehicle Code, the sentencing guidelines are clear:

"The sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of: (ii) not less than 30 days if the person has previously been convicted of an offense under this section. . . ."

We hold that defendant Utz's violation must be processed pursuant to section 3731 of the Motor Vehicle Code. We believe that the issue raised here is one of first impression; and, we cite the Legislature's intent in enacting the Pennsylvania Drunk Driving Law and the rule of statutory construction in support of our holding.

Section 3731 became effective on January 14, 1983, amending the prior law that had been in force since July 1, 1977. The legislative history of the Drunk Driving Law began when Governor Dick Thornburgh created the "Task Force on Driving Under the Influence of Alcohol and Other Controlled Substances" on October 13, 1981. This action was taken in response to the ineffectiveness of the then-existing D.U.I. law, alarming statistics as to alcohol-related driving accidents, and primarily, lobbying pressure from The Pennsylvania Chapter of Mothers Against Drunk Drivers (MADD). See Topkins, The New Pennsylvania Drunk Driving Law: Last Call for the One-For-The-Road Era, 87 Dick. L. Rev. 805, 809 (Summer 1983). The driving law which was ultimately passed by the General Assembly and signed by the governor closely coincides with the original recommendations introduced by the governor's task force. Id., at 810. The resulting legislation is "one of the most severe anti-drunk driving laws in the nation." Id. at 805.

The new law is all-encompassing in its handling of the drunk driver. It mandates a minimum 48-hour jail sentence, a fine ranging from $300 to

$5,000, and a license suspension of at least one year for convicted first-time offenders. 75 Pa.C.S. §§1532(b)(3) and 3731(e)(1)(i) (1983). The law also provides a one-time alternative to trial, conviction, and mandatory imprisonment: the Accelerated Rehabilitative Disposition program. 75 Pa.C.S. §§1542 and 1552 (1983). On the other hand, large fines, long license suspensions, and compulsory minimum jail terms of 30 days, 90 days and one year are imposed on second, third and subsequent violators, respectively. 75 Pa.C.S. §3731(e)(1)(ii)-(iv) (1983). At trial, a test result of 0.10 percent or greater is conclusive evidence of drunk driving, and refusal to submit to testing is admissible in court and results in an automatic one-year license suspension. 75 Pa.C.S. §1547(b)(1)(i) and (e) (1983). Further, if a motorist drives while his license is suspended because of a D.U.I. conviction, the new law compels him or her to pay a fine of $1,000 and spend a minimum of 90 days in jail. 75 Pa. C.S. §1543(b) (1983).

Compare this to section 780-118 which is disposition in lieu of trial or criminal punishment. This section was enacted, and became effective, in 1972 — over 10 years before the current drunk driving law. This section is infrequently used, and the few cases which interpret its application recognize "the great potential for abuse of this treatment procedure if allowed to be used primarily to escape criminal consequences." *Commonwealth v. Morway,* supra, at 62, citing *Commonwealth v. Barchey,* 31 Somer. Leg. Jour. 318, 324 (1975). Specifically, the court in *Morway* stated:

"Courts must be especially careful about granting this type of relief from criminal responsibility, because the abuse of alcohol in varying degrees accompanies an astonishingly high percentage of human misbe-

havior of all kinds, especially criminal, which comes into court. A loose or over-generous interpretation of the provisions of the Controlled Substance Act will eventually relieve any "alcoholic" from responsibility for criminal conduct. The legislation was not intended thus, to undercut the criminal law, but only to provide last resort treatment for the most serious of abuse cases." Id., at 64.

If defendant Utz's case were to be disposed of pursuant to section 780-118, the Legislature's intent in enacting the new Drunk Driving Law would clearly be thwarted. Defendant Utz would be able to sidestep the mandatory penalties facing a two-time offender of the D.U.I. law. If such a result is permitted, violators of the Drunk Driving Law could be permitted to drive with no meaningful penalty until the third offense.

In further support of our rationale are the provisions of 1 Pa.C.S. §1933 (1985):

"Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail."

Courts have consistently recognized that the policy of Pennsylvania law precludes prosecutions under general provisions of a penal statute when special penal provisions are available. *Commonwealth v. Warner,* 309 Pa. Super. 386, 455 A.2d 663 (1982); *Commonwealth v. VuKovich,* 301 Pa. Super. 111, 447 A.2d 267 (1982).

The Drunk Driving Law specifically controls de-

430

fendant Utz's violation, that of driving under the influence of alcohol. Section 780-118 is a general provision enacted before the newly amended D.U.I. law. Therefore, defendant Utz's violation must be disposed of pursuant to section 3731 of the Vehicle Code.

Accordingly, we enter the following

ORDER

And now, June 3, 1986, defendant's motion requesting disposition under section 18 of the Drug, Device and Cosmetic Act, 35 Pa.C.S. §780-118 (1977), is denied.