BECK, Judge:
The issue is whether the four (4) year statute of limitations in the Public Welfare Code, 62 P.S. § 481(d), limits the restitution that the trial court may order a defendant to pay, to the amount which the defendant unlawfully received in the four years preceding the filing of the complaint. We do not interpret section 481(d) as imposing such a limitation. We therefore affirm the judgment of sentence.
The facts in the instant action are as follows. On May 2, 1988, the Department of Public Welfare filed a criminal complaint against appellant Robert Kurilla charging him with violating the Welfare Code, namely section 481(a). The complaint alleged that from January 1, 1981, through January 31, 1987, Kurilla was not entitled to the welfare payments he received because he failed to report income as required by the law.[1]
*149 After a preliminary hearing, Kurilla was bound over for court and, subsequently, a bill of information was issued charging him with welfare fraud. Following the denial of his motion to quash the bill of information, Kurilla appealed to this Court. We quashed the appeal. Commonwealth v. Kurilla, 391 Pa.Super. 241, 570 A.2d 1073 (1990). Kurilla thereafter pled guilty. The trial court then sentenced Kurilla to a seven-year period of probation and ordered him to make restitution in the sum of $9,352, the amount representing all of the monies which he illegally received from the Department of Public Welfare.[2] Thereafter, Kurilla’s motion for reconsideration was denied and he has appealed.
In this appeal, Kurilla claims that the trial court erred in ordering him to make full restitution for all of the monies he received as a result of his failure to report the required information. Specifically, he argues that the four-year statute of limitation limits his restitution to monies he received from May 2, 1984, the four-year period immediately preceding the filing of the complaint. He asserts that the statute of limitations provision in the Public Welfare Code, section 481(d), mandates this result. The language of the above provision provides that “there .shall be a four-year statute of limitations on all offenses under this section.” Thus, Kurilla argues that the court erred in requiring restitution for moneys he illegally received before May 2, 1984.[3] We disagree.
*150 Initially, we note that the issue is one of first impression.[4] For the reasons set forth below, we hold that the limitation provision found in Section 481(d) of the Public Welfare Code does not limit the amount of restitution a defendant may be ordered to make, but rather, limits the time when the Commonwealth must bring welfare fraud charges against a defendant.
Welfare fraud is defined in section 481(a) of the Public Welfare Code:
Any person who, either prior to, or at the time of, or subsequent to the application for assistance, by means of a wilfully false statement or misrepresentation, or by impersonation or by wilfully failing to disclose a material fact regarding eligibility or other fraudulent means, secures, or attemptsto secure, or aids or abets or attempts to aid or abet any person in securing assistance, or abet any person in securing assistance, or Federal food stamps
62 P.S. § 481(a).
Subsection (c) provides for restitution:
Any person committing a crime enumerated in subsection (a) shall be ordered to pay restitution of any moneys he has received by reason of any ... failure to disclose required information____ Restitution ordered under this subsection may be paid in a lump sum, by monthly installments or according to such other schedule as is deemed just by the sentencing court____
62 P.S. § 481(c) (emphasis added).
Subsection (d) provides the limitation language:
*151 There shall be a four-year statute of limitations on all crimes enumerated in subsection (a).
62 P.S. § 481(d).
We must decide whether the legislature intended to make applicable the four-year limitation period found in section 481(d) to the restitution provision quoted above, section 481(c). In attempting to interpret statutory provisions, we are guided by the Statutory Construction Act, which instructs that a statute must be given its plain and obvious meaning. 1 Pa.C.S.A. § 1921 (Purdon Supp.1991).
Section 481(c), provides that restitution shall be made “of any moneys he [the defendant] has received ..." It impliedly permits a sentencing court to order restitution of any monies received by a defendant as a result of his or her failure to disclose required information, regardless of when the monies were received. Nothing in the language of 481(c) indicates that the legislature intended to limit restitution. Indeed, the language of subsection (c) indicates that full restitution is permitted. It provides for the repayment of “any moneys he (defendant) has receive[d].”
Section 481(d), the limitation provision, likewise contains no language which even suggests that the statute implies a limitation on the amount of restitution. The language requires a “four-year statute of limitation on all offenses ...” If the legislature intended to limit the amount of restitution to payments within a four-year period, it would have so provided.
As applied here, Kurilla pled guilty to violating section 481(a) of the Public Welfare Code by unlawfully receiving $9,352 in public assistance over a six year period, January of 1981 through January of 1987. We find that the trial court properly ordered Kurilla to pay restitution of all the moneys he unlawfully received from the Department of
*152 Public Welfare during that time period.[5]
Judgment of sentence affirmed.
HUDOCK, J., files a dissenting statement.

. Specifically, the complaint alleged that Kurilla received such public assistance by failing to report his wife’s income to Department of Public Welfare personnel during requalification interviews. The complaint further alleged that during these interviews, Kurilla was in *149 formed that it was his responsibility to report any income, including that of his wife, to caseworkers at the Department of Public Welfare as a requirement for continued public assistance. Finally, the complaint alleged that Kurilla continually advised his caseworkers that his wife had no income during the entire period of overpayment when, in fact, his wife was gainfully employed during this time.

. Full restitution was to be paid at a rate of $75 per month for the entire term of Kurilla’s probationary period, seven years.

. We note that the Commonwealth first asserts that Kurilla fails to attack the legality of his sentence but rather, merely raises a defense which was heretofore waived by virtue of his guilty plea. We disagree as we find Kurilla’s claim, an allegation that the trial court was without legislative authority to enter the sentence imposed, is a challenge to the legality of the sentence and thus, can never be *150 waived. See Commonwealth v. Ferguson, 381 Pa.Super. 23, 552 A.2d 1075 (1988).

. In support of his argument, Kurilla cites a panel opinion of this Court, Commonwealth v. Soltis, 311 Pa.Super. 195, 457 A.2d 562 (1983). We have studied Soltis and conclude that it does not directly address the issue presently before us. Rather, Kurilla relies upon dicta found in footnote three of Soltis, where it was observed that "the amount of restitution [ordered by the trial court] reflects the period in which the statute has not run.” We find such dicta not controlling in the instant case.

. Kurilla also claims that the trial court erred in ordering restitution without first conducting a hearing on the matter. Specifically, he contends that the trial court failed to take into consideration his ability to pay. We find this claim to be unsupported by the record. The trial court considered the pre-sentence report which fully apprised it of Kurilla’s present financial condition, including his financial obligations, as well as his future financial capabilities. Accordingly, the trial court provided that all restitution shall be paid in monthly payments of $75 over seven years. We find no error on the part of the trial court.