Edward Thompson, J.
The defendant, indicted and charged with the crime of offering a false instrument for filing in the first degree moves for an order granting inspection of the minutes of the Grand Jury or, in the alternative dismissing the indictment herein. Section 175.35 of the Penal Law reads as follows: “ A person is guilty of offering a false instrument for filing in the first degree when, knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision thereof, he offers or presents it to a public office or public servant with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office or public servant. ’ ’
The defendant contends that the holding in People v. Sananese (17 N Y 2d 302) precludes him from being prosecuted for a felony under the general statute section 175.35 of the revised Penal Law, and necessitates a proceeding under section 632 of the Labor Law, a specific misdemeanor which provides in paragraph (a) of subdivision 1:
“ 1. Benefits and contributions. Any person shall be guilty of a misdemeanor who wilfully makes a false statement or representation.
“ (a) with the effect of obtaining, either for himself or for any other person, any benefit or payment under the provisions of this article or of any similar law of another state, or the United States in regard to which this state acted as agent pursuant to an arrangement authorized ¡by this article ’ ’.
In People v. Sansanese (supra) the defendant signed the name of his deceased father to an application to obtain a motor vehicle license. 'The court held that an indictment based upon section 2051 of the old Penal Law could not be sustained and the defendant under the facts of that case should be prosecuted under the Vehicle and Traffic Law. At page 306 the court said:
“ While defendant’s indictment for violation of section 2051 of the Penal Law presents a moré difficult question for our determination, we conclude that here too there is insufficient evidence to sustain the indictment as a matter of law. From a reading of the statute we see that the language used is very general: ‘ A person who knowingly procures or offers any false or forged instrument to be filed, registered or recorded in any public office within this state, which instrument, if genuine, might be filed or registered or recorded under any law of this state or of the United States, is guilty of a felony.’ The all- *245 encompassing nature of this provision must be read, however, in the light of the extremely narrow construction which the term 1 instrument ’ has been otherwise given. An instrument has been defined as a ‘ formal or legal document in writing, such as a contract, deed, will, bond, or lease ’ (Black’s Law Dictionary [4th ed., 1951, p. 941]), and as a ‘ legal document (as a deed, will * * *) evidencing legal rights or duties, esp. of one party to another ’ (Webster, Third New Int. Dictionary [1961], p. 1172). While on the one hand we must not be overly technical in interpreting penal provisions, on the other hand ‘ Penal responsibility * * * cannot be extended beyond the fair scope of the statutory mandate ’. (People v. Wood, 8 N Y 2d 48, 51 [1960]; Penal Law, § 21.)
“ In accordance with the above definitions and legal precepts of construction, we conclude that a writing such as an application for an operator’s license is not an ‘ instrument ’ as the term is used in section 2051.” Thus, in Scmsanese (siopra) the court limited the meaning of the word “ instrument ” and held that a writing such as an -application for an operator’s license is not an ‘‘ instrument ’ ’ as the term is viewed in the old Penal Law, section 2051. The court at pages 305-306 said: “ Notwithstanding the fact that he did, with intent to cheat, obtain by a false application the signature of a person to a writing, he did not obtain ‘ property ’ by false pretenses. The People concede that there is no property right connected with the driving of an automobile, and in our opinion the writing itself (in this case, the operator’s license) is not the ‘ property ’ contemplated under the statute.”
However, section 175.35 of the Penal Law is derived from the old Penal Law, sections 2051 (offering false or forged instruments to be filed or recorded) and 1872 (fraudulently presenting bills or claims to public officers for payment), violations of which constitute a felony. (See McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, Source of section 175.35.)
These sections comprise generally prohibitions against the fraudulent filing of an instrument and the fraudulent presentment of a false claim to a public officer. In either case a property right is involved and so long as property is transferred by a public officer of the State based upon a false writing knowingly filed that false writing becomes an ‘ ‘ instrument ’ ’ pursuant to section 170.00 of the revised Penal Law which provides: “ 1. ‘ Written instrument ’ means any instrument or article containing written or printed matter or the equivalent thereof, used for the purpose of reciting, embodying, conveying or recording information, or constituting a symbol or evidence *246 of value, right, privilege or identification, which is capable of being used to the advantage or disadvantage of some person.”
There is obviously no such restriction here as described in Sansanese (supra). When the defendant signed a pay order or voucher stating that he was not employed during a particular time and therefore was entitled to benefits as an unemployed person, the delivery of such falsely signed claim to a public official and acceptance of money therefor, when he was actually employed during said alleged period of unemployment, he created a written instrument as defined by section 170.00 of the Penal Law. By delivery of it to a public official he violated the provisions of section 175.35 of the Penal Law.
While it it true that the defendant may be charged with the specific violation of section 632 of the Labor Law, a misdemeanor, quoted, supra, that prosecution thereof is not exclusive. In fact it may be separately alleged with a violation of section 175.35 of the revised Penal Law in the same indictment (see Sansanese, supra).
In People v. Licausi (23 Misc 2d 75) the defendant demurred to an indictment charging him with larceny in violation of section 1290 and subdivision 3 of section 1294 of the Penal Law and the fraudulent presentation of claims to public officers for payment in violation of section 1872 of the Penal Law. There, as here, the defendant claimed that his acts could not be both a felony and a misdemeanor and that when the Legislature enacted chapter 705 of the Laws of 1944 (Labor Law, § 632) it intended specifically to cover those situations involving unemployment insurance benefits. The court in disallowing the demurrer at page 78 said: “ The contention of the defendant is without merit. ‘ [T]he principle is applicable that the State may proceed under a general statute even though a more specific one is available. A specific statute does not necessarily replace a more general statute, and does not become the .exclusive method of prosecution. Authorities in this State, and elsewhere confirm this principle. In People v. Bord (243 N. Y. 595) defendant urged that the existence of a specific statute covering the exact act with which he was charged prevented a prosecution for the felony under the more general statute. This court rejected that argument. ’ (People v. Hines, 284 N. Y. 93, 105; see, also, People v. Florio, 301 N. Y. 46, 52.) ”
The court having examined the Grand Jury minutes finds that all the evidence when taken together is such that if unexplained or nncontradieted would warrant a conviction by a trial jury.
Motion is denied.