No. 13788

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

THE STATE OF MONTANA,

              Plaintiff and Appellant,

    -vs-

MARVIN MOORE,

              Defendant and Respondent.

---

Appeal from:  District Court of the Eighth Judicial District,
             Honorable Joel G. Roth, Judge presiding.

Counsel of Record:

    For Appellant:

        Mike Greely, Attorney General, Helena, Montana
        James Tillotson, Assistant Attorney General,
         argued, Helena, Montana

        J. Fred Bourdeau, County Attorney, Great Falls,
         Montana
        Carroll Blend, Deputy County Attorney, argued,
         Great Falls, Montana

    For Respondent:

        Howard F. Strause argued, Great Falls, Montana

---

                Submitted:  September 12, 1977

                   Decided: OCT 19 1977

Filed: OCT 19 1977

*Thomas J. Kearney*
_____
                Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

The question in this case is whether a defendant accused of deception in causing Cascade County to execute warrants in excess of $150 for welfare assistance can be prosecuted for the felony of deceptive practices or whether prosecution is limited to the misdemeanor charge of welfare fraud. The district court dismissed the felony charge. We reverse.

The substance of the accusation underlying the felony charge is that the defendant orally stated and subsequently signed a welfare form declaring he was receiving no Veteran's Administration benefits when in fact he was; that as a result of defendant's statements Cascade County issued welfare warrants for defendant's rent in the amount of $682 and for groceries in the amount of $125; and by reason thereof defendant is guilty of the crime of deceptive practices, a felony.

The direct information filed in the district court charged defendant with the crime of deceptive practices, a felony, committed in Cascade County on July 2, 1975 in that defendant did "purposely and knowingly cause the County of Cascade, by deception to execute documents by which pecuniary obligations were incurred, namely warrants for rent and groceries. The value of the obligations incurred was in excess of $150.00, in violation of Section 94-6-307(1)(a), R.C.M. 1947 as amended."

Defendant moved to dismiss the information on the grounds that he was charged under the wrong statute. Following hearing, the district court dismissed the case. The state appeals.

The focus of this appeal is whether defendant is subject to prosecution for the felony of deceptive practices under Montana's Criminal Code or whether prosecution is limited to the misdemeanor charge of welfare fraud under our Welfare Code.

The two statutes involved provide in pertinent part:

"94-6-307. Deceptive practices. (1) A person commits the offense of deceptive practices when he purposely or knowingly:

"(a) causes another, by deception * * *, to execute a document * * * by which a pecuniary obligation is incurred * * *

" * * *

"(2) A person convicted of the offense of deceptive practices shall be fined not to exceed five hundred dollars ($500) or be imprisoned in the county jail for any term not to exceed six (6) months or both. If the deceptive practices are part of a common scheme or the value of any property * * * obtained * * * exceeds one hundred fifty dollars ($150) then the offender shall be imprisoned in the state prison for any term not to exceed ten (10) years."

This statute is a part of the Montana Criminal Code (Title 94); is classified as a felony where the amount of property obtained or attempted to be obtained exceeds $150; and is punishable by a maximum sentence of 10 years in prison.

"71-226. Fraudulent acts. Whoever knowingly obtains * * * by means of willfully false statements or representation * * * public assistance to which he is not entitled, [or] assistance greater than that to which he is justly entitled; * * * with the intent to defeat the purposes of this act shall be guilty of a misdemeanor. In assessing the penalty the court shall take into consideration, among other factors, the amount of money fraudulently received."

This statute is a part of the Welfare Code (Title 71); is classified as a misdemeanor; and is punishable by a fine of from $25 to $1,000 to which may be added a county jail sentence not exceeding 60 days. Section 71-231.3, R.C.M. 1947.

The gist of the State's contention is that the existence of a specific statute in the Welfare Code encompassing the alleged crime does not preclude prosecution for the alleged crime under the general Criminal Code provided the facts support a charge under either statute.

The core of defendant's argument, on the other hand, is that where the legislature enacts a comprehensive body of law dealing with a particular subject (welfare), such law controls

to the exclusion of a more general statute in the Criminal Code (deceptive practices) particularly where, as here, the classification of the offense and the penalties on conviction are inconsistent, incompatible and repugnant.

In our view, resolution of these opposing contentions turns on legislative intent. Specifically, did the legislature intend to make the welfare fraud statute (section 71-226) the exclusive remedy for cases falling within its provisions or did the legislature intend to provide an alternative remedy under the Criminal Code (section 94-6-307(1)(a))?

It is conceded that there is no language in either legislative act specifically expressing legislative intent on this subject. We must therefore attempt to determine legislative intent by resort to rules of statutory construction.

Defendant urges application of the rule that the specific statute controls to the exclusion of the general, citing a number of cases so holding in criminal prosecutions in other jurisdictions, principally State v. Becker, 39 Wash.2d/234 P.2d 897 (old age assistance fraud); People v. Silk, 138 C.A.2d 899, 291 P.2d 1013 (welfare fraud); People v. Gilbert, 82 Cal.Rptr. 724, 462 P.2d 580 (ADC fraud). Cases to the contrary can be cited with equal effect: State v. Dumont, 3 Or.App. 189, 471 P.2d 847 (unlawful use of a credit card); People v. Licauor, 23 Misc.2d 75, 200 N.Y.S.2d 582 (unemployment insurance fraud); State v. Drake, 79 N.J.Super. 458, 191 A.2d 802 (unemployment compensation fraud); People v. Gulisano, 57 Misc.2d 243, 292 N.Y.S.2d 545 (labor benefits fraud). None of these cases are particularly persuasive concerning whether the rule should be applied in Montana under the circumstances of the instant case due to differences in the statutes involved, legislative history of the enactments, related statutes, and comprehensiveness of the subject matter.

- 4 -

As additional support for the rule that the specific statute controls to the exclusion of a more general statute, defendant cites Montana civil cases so holding, principally McAlear v. Unemployment Compensation Commission, 145 Mont. 458, 405 P.2d 219; Martel Construction v. Gleason Equipment, Inc., 166 Mont. 479, 534 P.2d 883; Fickes v. Missoula County, 155 Mont. 258, 470 P.2d 287; and Monarch Lbr. Co. v. Haggerd, 139 Mont. 105, 360 P.2d 794. As there is a specific statute in the Civil Code that when a general and a particular provision of a statute are inconsistent, the latter is controlling (section 93-401-16, R.C.M. 1947) the decision in these civil cases is understandable. However, these civil cases are not controlling for reasons hereafter noted.

This Court has previously declined to apply this rule of statutory construction to criminal prosecutions where defendant's conduct violated both misdemeanor and felony statutes. State v. Lagerquist, 152 Mont. 21, 30, 31, 445 P.2d 910; State v. Evans, 153 Mont. 303, 306, 456 P.2d 842. Lagerquist and Evans impliedly, although not expressly, overruled the earlier case of State v. Holt, 121 Mont. 459, 194 P.2d 651, holding that where the penalty provisions of a later misdemeanor statute were inconsistent and irreconcilable with an earlier felony statute, the prior felony statute was repealed by implication. For clarification, we now expressly overrule this holding in Holt on the authority of Lagerquist and Evans.

Defendant points out and we recognize that Lagerquist and Evans are not identical to the instant case in that they do not involve a comprehensive body of law on a particular subject vis-a-vis a more general criminal statute. Nonetheless we find them similar and persuasive as this distinction does not compel a different result for reasons discussed later in this opinion.

- 5 -

In _Lagerquist_ the criminal conduct was falsifying weight slips on hay sold to defendant. Three statutes were applicable: (1) a misdemeanor statute prohibiting misrepresentation in the quantity or weight of a commodity sold (section 90-620, R.C.M. 1947); (2) a misdemeanor statute requiring the seller to give the purchaser full weight on all sales of hay and other commodities usually sold by the ton (section 94-1904, R.C.M. 1947); and (3) a felony statute covering obtaining money or property by false pretenses (section 94-1805, R.C.M. 1947). As in any case involving felony and misdemeanor statutes, the penalty under the misdemeanor statutes was inconsistent and irreconcilable with the more severe penalty under the felony statute. In affirming the conviction of the defendant under the felony statute, this Court held there was no conflict between the felony and misdemeanor statutes as they set forth separate and distinct crimes.

_Lagerquist_ expressed its rationale and the applicable rule of statutory construction in this language:

> "The appellant argues that because his acts violated more than one criminal statute the more specific statute controls. This argument is premised upon the contention that the misdemeanor and felony statutes are in conflict. We find this contention erroneous in view of previous rulings. The statutes set forth separate and distinct crimes. This Court in State v. Marchindo [citation omitted] quoted from a Massachusetts case holding: 'A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.'

> "Here the charge [under the felony statute] * * * required numerous facts not required under either of the misdemeanor statutes necessitating different proof. The fact that the legislature provides a course of action by more than one statute allows the state to choose either applicable law, and where different proof is required for each offense, a single act or transaction may violate more than one criminal statute. This problem was answered by the Supreme Court of New Jersey in State v. Fary [citation omitted]. There in a similar fact

situation, the court said: 'By leaving both
statutes on the books * * * the Legislature
clearly intended that the two offenses should
remain, one as an indictable crime and the
other as a disorderly persons offense. * * *
The fact that there is an area in which two
statutes overlap and prohibit the same act, as
in this case, does not mean that the defendant
can only be prosecuted under the statute provid-
ing for the lesser penalty.'

"It is a cardinal principle of construction that
repeals by implication are not favored. When there
are two acts upon the same subject, the rule is
to give effect to both if possible. The intention
of the legislature to repeal must be clear and
manifest. Reading the statutes in question here
we find no such intention on the part of the
legislature." State v. Lagerquist, 152 at 30,31.

Evans reached the same result in a felony prosecution

under the same statute where defendant cashed checks with improper

signatures as against the contention that defendant could only be

prosecuted for the misdemeanor of uttering fraudulent checks be-

low a specified amount. After quoting from Lagerquist, we stated:

"This Court has no intention of changing the
position stated in the above cited case." State v.
Evans, 153 at 306.

Here, although there is an overlap in the two statutes,

they set forth separate and distinct crimes. The gist of the

felony statute is causing execution of pecuniary documents by

deception, while the thrust of the misdemeanor statute is receiving

welfare assistance by willfully false statements. The alleged

criminal conduct violates both statutes, but different proof is

required under each. The misdemeanor statute requires proof of

receipt of public assistance or an attempt therefor, while the

felony statute does not; conversely the felony statute requires

proof of execution of a document while the misdemeanor statute

does not. Thus the two statutes cover separate and distinct crimes.

Under such circumstances Lagerquist and Evans permit the state to

prosecute under either applicable statute absent a clear and

manifest legislative intent to the contrary.

Defendant urges us to find such clear and manifest intention on the part of the legislature in the different classifications of the two crimes and the lesser range of penalties for welfare fraud in the misdemeanor statute. We find no such legislative intent here for the reasons expressed in _Lagerquist_ and _Evans_.

Finally defendant contends that the comprehensive nature of the Welfare Code indicates a legislative intent to preempt therein the entire field of welfare fraud to the exclusion of applicable statutes found in the Criminal Code, thus distinguishing _Lagerquist_ and _Evans_. We are not persuaded by this argument. We note that the misdemeanor statute in question covers only one species of welfare fraud, viz., receiving public assistance by willfully false statements. Other kinds of welfare fraud are not encompassed by the Welfare Code, for example, embezzlement of welfare funds or forgery of welfare warrants. Did the legislature intend to allow these crimes to go unpunished by preempting the entire field of criminal prosecution in welfare matters to the exclusion of applicable statutes in the Criminal Code? We perceive no rational basis for finding such legislative intent to preempt by enactment of the Welfare Code.

For the foregoing reasons we hold that the misdemeanor statute and felony statute are to be construed in pari materia giving effect to both. We decline to give sole effect to the misdemeanor statute to the exclusion of the felony statute for reasons heretofore expressed.

We have considered the peripheral arguments advanced by defendant in support of his contentions. We find them without merit and unnecessary to discuss in detail in this opinion as they would neither change the rationale nor the result in this case.

The order dismissing the felony charge is reversed and the case remanded to the district court for further proceedings.

_____Frank I. Haswell_____
Justice

We concur:

_____Gen. B. Daly_____

_____John Conway Harrison_____
Justices

Chief Justice Paul G. Hatfield, deeming himself disqualified, did not participate in this decision.