476 A.2d 341

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Rena WARNER, Appellee.**

Supreme Court of Pennsylvania.

Argued Jan. 26, 1984.
Decided May 8, 1984.

F. Ned Hand, Phyllis R. Streitel, Asst. Dist. Attys., Eric B. Henson, Maureen A. Brennan, Asst. Dist. Attys. (Amicus–PA District Attys. Assoc.), for appellant.

John R. Merrick, Public Defender, Candace G. McCoy, Asst. Public Defender, West Chester, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-
MOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

HUTCHINSON, Justice.

The Commonwealth appeals by allowance Superior
Court's order affirming an order of Chester County Com-
mon Pleas. Common Pleas had granted appellee's motion
to dismiss a felony count under the Crimes Code in a two
count information because it felt the other count, a misde-
meanor under the Public Welfare Code, encompassed identi-
cal activity. Common Pleas then concluded that appellee
could be prosecuted only under the latter specific statute.
On this record we disagree and therefore reverse.

Appellee was charged with theft by deception under the
Crimes Code [1] and violation of a former version of the
Public Welfare Code's prohibition against false statements.[2]
The complaint alleged that appellee had unlawfully obtained
$2,967.68 in Public Assistance funds by representing to the
Chester County Board of Assistance that she had no income
during the period January, 1978 through June, 1979. In
fact she had received nearly $7,000.00 in wages from Ches-
ter County Headstart, Inc.

At issue is the legislative intent in enacting these penal
provisions and the relationship between them. The Com-
monwealth asserts authority to prosecute welfare fraud
cases under the felony theft provisions of the Crimes Code
as well as the misdemeanor false statements provision of
the Welfare Code. Because there is no facially irreconcila-
ble conflict between the offenses as these statutes then
defined them,[3] and because any actual conflict between
them cannot be determined before the facts of this case are

1.  18 Pa.C.S. § 3922(a).

2.  62 P.S. § 481(a).

3.  62 P.S. § 481(a) has been amended since the incidents in this case.
See text at p. 344-345, *infra*.

developed, we reverse Superior Court and remand the case for trial on both counts of the original information.

Appellee first applied for welfare in October of 1977. At that time she was not receiving any income from employment. In January of 1978, she began receiving income from her employment with Chester County Headstart, Inc. From January, 1978 until April 24, 1978, appellee did not report this income to the Chester County Board of Assistance. On April 24, 1978, at an interview to redetermine her eligibility, appellee expressly denied that she was earning any income. She repeated these denials at subsequent redetermination hearings in October, 1978 and April, 1979.

In May of 1981, the Pennsylvania Department of Public Welfare filed a private complaint against appellee. The Chester County District Attorney approved the complaint and filed an information against her on July 2, 1981. Count I contained the charge of theft by deception; Count II contained the charge of violation of the Welfare Code. Appellee moved to dismiss Count I. The trial court, relying on *Commonwealth v. Bidner*, 282 Pa.Superior Ct. 100, 422 A.2d 847 (1980), and *Commonwealth v. Buzak*, 197 Pa.Superior Ct. 514, 179 A.2d 248 (1962), granted the motion. Superior Court affirmed, holding that "the specific crime of welfare fraud, *in every conceivable circumstance*, has been made criminal also by the general provisions of the Crimes Code," 309 Pa.Superior Ct. 386, 390, 455 A.2d 663, 665 (1982) (emphasis added). It then held that the Welfare Code was a comprehensive enactment which gave no indication that a prosecution for furnishing false information can proceed under both the Welfare Code and the Crimes Code and applied the rule that a specific statute precludes prosecution under a general statute.

We begin with a consideration of the relevant penal statutes. 18 Pa.C.S. § 3922 (Theft by Deception) provides:

§ 3922. Theft by deception

(a) Offense defined.—A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;

(2) prevents another from acquiring information which would affect his judgment of a transaction; or

(3) fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship.

(b) Exception.—The term "deceive" does not, however, include falsity as to matters having no pecuniary significance, or puffing by statements unlikely to deceive ordinary persons in the group addressed.

At the time appellee was charged the Public Welfare Code of 1967, 62 P.S. § 481(a) provided:

§ 481. False statements; penalty

(1) Any person who, either prior to, or at the time of, or subsequent to the application for assistance, by means of a wilfully false statement of [sic] misrepresentation, or by impersonation or other fraudulent means, secures, or attempts to secure, or aids or abets any person in securing assistance under this article shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine not exceeding one thousand dollars ($1,000), or to undergo imprisonment not exceeding one year, or both, and also shall be sentenced to make restitution of any moneys he has received by reason of any such false statement, misrepresentation, impersonation, or fraudulent means.

Only if the conflict between the general and special provisions is irreconcilable does the special provision prevail and act as an exception to the general provision under 1 Pa.C.S. § 1933. That section of the Statutory Construction Act provides:

§ 1933.   Particular controls general

Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. *If the conflict between the two provisions is irreconcilable,* the special provisions shall prevail and shall be construed as an exception to the general provision, *unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.*

(Emphasis added).   Where the provisions are in conflict, but the conflict is not irreconcilable, § 1933 provides that they shall, if possible, be construed so that effect can be given to both.

Since § 481(a) prohibits not only attempts to secure welfare but also the actual securing of welfare, its specific provisions can come into conflict with the general Crimes Code provisions when the two statutes are applied to the specific facts of a given case.   Even here, however, the statutes can be interpreted so as to give effect to each, at least for certain periods of time, as shown by the Commonwealth's theory of the case.

From the time period between January, 1978 and April 24, 1978 the defendant committed the crime of Theft by Deception, 18 Pa.C.S.A. § 3922(a) each time she cashed an assistance check because the defendant created the false impression that she was entitled to the money she was receiving.[4]   The defendant's failure to inform the Welfare authorities of her earnings during the time period of January to April 24, 1978 amounted to theft under the general language of the Crimes Code but did not amount to willful false statements of misrepresentation under the Welfare Code, 62 P.S. § 481(a) because the defendant

4.   This refers to the fact that welfare checks typically bear an endorsement warning that failure to report earnings prior to cashing the check could result in a fine or imprisonment for false statements. Thus, by cashing her checks from January, 1978 to April 24, 1978, appellee may have violated § 481(a) as well as 18 Pa.C.S. § 3922. Because this case has been suspended at the pre-trial stage, these checks are not in evidence.

made no statements whatsoever to the Welfare authorities. However, on April 24, 1978, the defendant did make willfully false statements of misrepresentation to the Welfare authorities during her redetermination interview. Thus, from April 24, 1978 to June 1979 the Commonwealth can prove a violation of the Public Welfare Code as well as the Crimes Code because of the willfully false statements of misrepresentation made by the defendant.

Brief for Appellant at 6 (footnote added). Because this case was only in the pre-trial stages when appeal was taken, the factual background necessary to determine whether the Commonwealth could successfully proceed with its theory of the case is lacking.

This analysis is in accord with prior decisions dealing with this issue. It is true that "[i]t is the policy of the law not to permit prosecutions under the general provisions of a penal code when there are applicable special penal provisions available." *Commonwealth v. Brown*, 346 Pa. 192, 199, 29 A.2d 793, 796–797 (1943). This policy is only applicable, however, where the conflict between the statutes is irreconcilable. 1 Pa.C.S. § 1933. *Commonwealth v. Bidner*, 282 Pa.Superior Ct. 100, 422 A.2d 847 (1980), and *Commonwealth v. Buzak*, 197 Pa.Superior Ct. 514, 179 A.2d 248 (1962), relied upon by appellee and the courts below are not to the contrary. Those cases held that the language of the specific statutes involved precluded prosecution under the general. However, the analysis used to reach that result does not differ from ours in this case. *See also Commonwealth v. Brown*, 269 Pa.Superior Ct. 150, 409 A.2d 108 (1979).

The Legislature has recently amended Section 481 of the Welfare Code. It now reads:

§ 481. False statements; investigations; penalty

(a) Any person who, either prior to, or at the time of, or subsequent to the application for assistance, by means of a wilfully false statement or misrepresentation, or by impersonation *or by wilfully failing to disclose a material fact regarding eligibility* or other fraudulent means,

secures, or attempts to secure, or aids or abets or attempts to aid or abet any person in securing assistance, *or Federal food stamps, commits a crime which shall be graded as provided in subsection (b).*

Act of April 8, 1982, P.L. 231, No. 75, § 21, effective in 60 days (new material underscored). Subsection (b) grades this offense from a third degree misdemeanor ($999.00 or less in assistance or food stamps) to a third degree felony ($3,000.00 or more). Significantly, willful failure to disclose a material fact regarding eligibility is now expressly set forth in § 481(a), unlike its absence, at least in express terms, in the former version.

■ Even if the two have identical elements in the sense that the special wholly encompasses the general, so long as the general has elements outside the special, the Commonwealth is not restricted from pursuing both charges in one trial. Only after the case is decided can the court determine whether additional elements are present.[5] Thus when the possibility exists that a prosecution under the special statute may fail because the special arguably requires an element not required by the general the Legislature can be presumed to have given the prosecuting authorities discretion to proceed under either or both, at least initially. Moreover, a prosecutor in those circumstances has discretion to determine that a particular kind of misconduct does not warrant prosecution as a felony and seek instead conviction only for a misdemeanor.

When the Legislature amended Section 481 to wholly encompass theft by deception by adding the express prohibition against failure to advise the department of a material change it recognized a distinction in culpability between welfare fraud and theft by deception. In its amendment to

5. In this limited aspect application of the rule that a particular penalty abrogates a general is analogous to merger where a lesser included offense is swallowed up into a greater and dual punishment is likewise prohibited. The analogy also holds in determining purpose, i.e. in deciding whether the legislature intended to impose separate and cumulative punishments, subject always of course to the constitutional prohibition against double jeopardy, a prohibition not implicated in this single trial.

608

Section 481 it expressly graded different types of welfare misconduct based on the amounts involved, but did so less stringently than the Crimes Code's grading of theft.[6] By so doing the Legislature determined that welfare fraud deserves less opprobrium than theft, perhaps believing that welfare recipients as a class might have special problems providing essentials for themselves and their families. It is not up to this Court to question that distinction. In any event, the problem of distinguishing degrees of culpability, formerly left to a prosecutor's discretion, has now been defined by statute. Such considerations can be adequately addressed only after all the evidence is in and the factfinder has made its determination.

■ Other jurisdictions considering the issue of the relationship between general theft provisions and specific statutory fraud provisions, involving welfare and other public benefits, have held that the specific fraud provision did not bar prosecution under the general theft statute.[7] Still others have held that specific fraud statutes do not preempt general statutes where the crimes do not have identical elements.[8] California, Texas and Washington have reached contrary results.[9] *See* Annot. 22 A.L.R. 4th 534 (1983). All

6. For example, under the Crimes Code the amount threshold for grading as a felony is $2,000.00. Under the Welfare Code, § 481, as amended, it is $3,000.00.

7. *See United States v. Simon,* 510 F.Supp. 232 (E.D.Pa.1981) (Medicaid fraud statute did not bar prosecution under mail fraud and false statements statutes); *Smith v. State,* Fla.App., 383 So.2d 959 (1980); *People v. Brooks,* 65 Ill.2d 343, 2 Ill.Dec. 726, 357 N.E.2d 1169 (1976); *Beech v. State,* 162 Ind.App. 287, 319 N.E.2d 678 (1974); *Commonwealth v. McKinney,* Ky.App., 594 S.W.2d 884 (1979); *Harris v. State,* 27 Md.App. 547, 342 A.2d 305 (1975); *State v. Malveaux,* Mo.App., 604 S.W.2d 728 (1980); *People v. Gulisano,* 57 Misc.2d 243, 292 N.Y.S.2d 545 (1968) (unemployment compensation).

8. *State v. Moore,* 174 Mont. 292, 570 P.2d 580 (1977); *State v. Fary,* 16 N.J. 317, 108 A.2d 593 (1954).

9. *People v. Gilbert,* 1 Cal.3d 475, 82 Cal.Rptr. 724, 462 P.2d 580 (1969); *but see People v. Grider,* 200 Cal.App.2d 41, 19 Cal.Rptr. 41 (1962), and *People v. Isaac,* 56 Cal.App.3d 679, 128 Cal.Rptr. 872 (1976), disapproved on other grounds in *People v. Jenkins,* 28 Cal.3d 494, 170 Cal.Rptr. 1, 620 P.2d 587 (1980); *Valdez v. State,* Tex.Cr., 553 S.W.2d

of these cases must be read in the context of the specific statutory language involved. However, the reasoning of those courts which have held there is no irreconcilable conflict where the crimes do not have identical elements is persuasive to us. Here, the crime of welfare fraud and the crime of theft by deception had arguably different elements when this prosecution was brought. Thus, it was uncertain whether the then applicable version of Section 481 covered a failure to inform the department of a material change in benefits. We express no opinion on that subject. Considering the state of the law at the time of this prosecution we do not believe the Commonwealth should have been preliminarily forced to elect between the two statutes. In fact, another panel of Superior Court has recently affirmed convictions of both theft by deception and welfare fraud arising out of the same conduct. *Commonwealth v. Volk*, 298 Pa.Superior Ct. 294, 444 A.2d 1182 (1982). Appellants in that case, however, apparently did not challenge the propriety of indictment under both statutes. *See also Commonwealth v. Jefferies*, 62 D&C2d 182 (1973); *Commonwealth v. Miller*, 39 D&C2d 433 (1940).

Theft by deception and the false statements section of the Welfare Code involve distinct elements. There is no irreconcilable conflict between them on their face, and any actual conflict between them can only be determined when the facts of the case are fully developed. It may well appear that the same acts on appellee's part constituted violations of both statutes. If so, prosecution under the Welfare Code alone is permitted. On the other hand, different acts by appellee may have violated each statute independently. In either case, post-trial motions in arrest of judgment are an adequate vehicle for challenging the propriety of the prosecutions.

110 (1977); *State v. Becker*, 39 Wash.2d 94, 234 P.2d 897 (1951) (old age assistance). Minnesota had also held in this manner, *State v. Kalvig*, 296 Minn. 395, 209 N.W.2d 678 (1973), but this result was modified by statute. *See State v. Eaton*, Minn., 292 N.W.2d 260 (1980).

Reversed and remanded for proceedings consistent with this opinion.

NIX, C.J., concurs in the result.

ZAPPALA, J., files a dissenting opinion.

ZAPPALA, Justice, dissenting.

The basic premise underlying the Commonwealth's position is that the recipient's failure to inform welfare authorities of earnings may be prosecuted as theft by deception, as defined, 18 Pa.C.S.A. 3922(a), but could not have been prosecuted under the Public Welfare Code prior to the amendment of 62 P.S. 481(a). Section 481(a) had provided, in part, that "[a]ny person who, either prior to, or at the time of, or subsequent to the application for assistance, by means of a wilfully false statement of misrepresentation, or by impersonation or other fraudulent means, secures, or attempts to secure, or aids or abets any person in securing assistance under this article shall be guilty of a misdemeanor...." The Commonwealth argues that the Appellee's conduct during the period from January, 1978 to April 24, 1978 was not subject to prosecution under this section because no statements were made to welfare authorities. Although the majority does not directly address the issue of whether Appellee's conduct during that period was subject to prosecution under § 481(a), it implicitly accepts the Commonwealth's argument. If the Commonwealth establishes the facts upon which its theory is based, the majority concludes that the Appellee may be prosecuted for a violation of § 481(a) and for theft by deception.

Contrary to the Commonwealth's argument, I would not interpret § 481(a) to preclude prosecution of a recipient who actively conceals a material fact which is relevant to a determination of eligibility for public assistance. The language of the statute clearly does not limit violations of the Public Welfare Code to willful false statements. "[O]ther fraudulent means" should be construed to include the factual allegations involved in this case. The subsequent amend-

ment of § 481(a) to expressly include a willful failure to disclose a material fact does not require this Court to conclude that such conduct was not proscribed prior to the amendment. The former provision was sufficiently broad to encompass the conduct which is now specifically enumerated as a violation of § 481(a). The majority's demonstrated reluctance to so hold may be prompted by the disparity in the penalties between theft from the public and theft from an individual. As the majority recognizes, "[i]t is the policy of the law not to permit prosecutions under the general provisions of a penal code when there are applicable special penal provisions available." *Commonwealth v. Brown*, 346 Pa. 192, 199, 29 A.2d 793, 796–7 (1943). I would affirm the Superior Court's holding that prosecution under § 481(a) precludes prosecution for theft by deception under 18 Pa.C.S.A. § 3922(a).