636 A.2d 1153

**COMMONWEALTH of Pennsylvania**

v.

**James GAUTIERI, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 15, 1993.

Filed Feb. 1, 1994.

Chris B. Little, Langhorne, for appellant.

Stephen B. Harris, Asst. Dist. Atty., Warrington, for Com., appellee.

Before McEWEN, OLSZEWSKI and HOFFMAN, JJ.

OLSZEWSKI, Judge:

James Gautieri appeals his judgment of sentence imposed after being found guilty of numerous sex crimes. Gautieri, a 60–year–old man, performed oral sex on and exposed himself to his 12–year–old nephew numerous times over a two-year period. The assaults occurred while Gautieri was "babysitting" his nephew; Gautieri would cajole the child into sexual

contact by claiming that he was "trying to be [his] second father." N.T. 9/29/92 at 15. Gautieri was convicted of statutory rape, indecent assault, corruption of minors, and involuntary deviate sexual intercourse ["IDSI"]. He now presents a litany of challenges to his IDSI conviction, most of which are constitutional in nature. We affirm.

## I.

Gautieri claims that his prosecution for IDSI was improper because statutory rape provides a more specific statutory proscription against his conduct. He thus claims that where two statutes, one general and one specific, proscribe identical conduct, the Commonwealth may only prosecute a defendant under the specific proscription. We disagree.

A person commits statutory rape when he "is 18 years of age or older ... [and] engages in sexual intercourse with another person not his spouse who is less than fourteen years of age." 18 Pa.C.S.A. § 3122. IDSI, on the other hand, is committed when one "engages in *deviate* sexual intercourse with another person who is less than 16 years of age." 18 Pa.C.S.A. § 3123(5). The crucial distinction between the statutes is that statutory rape regulates any sexual intercourse, while IDSI regulates only "deviate sexual intercourse," that is, oral or anal sex.

Gautieri correctly notes that prosecutions under a general statute are prohibited when more specific, or "special" provisions are available under the criminal code. *Commonwealth v. Miller,* 414 Pa.Super. 56, 606 A.2d 495, *alloc. denied,* 531 Pa. 639, 611 A.2d 711 (1992). This policy only applies, however, where two statutes "irreconcilably conflict," making it apparent that the legislature meant for the proscribed conduct to be regulated by the more specific law.[1] *Commonwealth v. Warner,* 504 Pa. 600, 476 A.2d 341 (1984).

1. The doctrine is best demonstrated in *Commonwealth v. Vukovich,* 301 Pa.Super. 111, 447 A.2d 267 (1982), where defendant was accused of forging a prescription to obtain drugs. This Court held that since this act was specifically made a crime under the Pharmacy Act, the jury was

Thus, "[e]ven if the two [statutory sections] have identical elements in the sense that the special wholly encompasses the general, so long as the general has elements outside the special, the Commonwealth is not precluded from pursuing both charges in one trial."

*Miller, supra* 414 Pa.Super. at 62, 606 A.2d at 498 (quoting *Warner, supra,* 504 Pa. at 606–08, 476 A.2d at 344).

■ Here, we disagree first with Gautieri's assertion that statutory rape is more specific than the IDSI statute. Statutory rape regulates all types of sexual intercourse, while IDSI regulates only specific types of sexual intercourse, namely "sexual intercourse per anus or per os." Therefore, if any statute in this case is more specific, it is IDSI. Second, the more general statute, statutory rape, contains an element outside of the more specific. The Commonwealth can prove statutory rape if it shows "sexual intercourse" that was not of the "per anus" or "per os" variety. Although in this case, involving a male perpetrator and a male victim, it may have been difficult for the Commonwealth to show any type of intercourse that was not "deviate," we simply hold that since the general statute is not encompassed by the more specific, there is no bar against the Commonwealth pursuing convictions for both offenses at trial.[2]

## II.

■ Gautieri next presents a series of challenges to the constitutionality of the IDSI statute. He contends first that it violates the equal protection clause of the federal constitution because it irrationally discriminates against the following classifications of individuals: (1) unmarried, consenting couples,

not entitled to consider whether defendant had also committed the more general offense of forgery. *Id.* at 117–19, 447 A.2d at 270.

2. We do not decide whether, for sentencing purposes, the offenses of statutory rape and IDSI merge. Gautieri does not present a challenge to his sentence and the notes from the sentencing hearing have not been transcribed. In any event, the double jeopardy clause of our state and federal constitutions does not seem to be implicated here. IDSI carries a mandatory minimum sentence of five years, and this is the precise sentence which Gautieri received. It would appear, therefore, that the trial court imposed no sentence for statutory rape.

where one of the individuals is under the age of sixteen, (2) homosexuals (who are unable to marry), and (3) adolescents.

Gautieri has no standing to assert these claims. In order to challenge the constitutionality of a statute based on equal protection grounds, a party must be a member of the class against which the statute discriminates, else he has suffered no harm. *Airway Arms, Inc. v. Moon Area School District,* 498 Pa. 286, 446 A.2d 234 (1982), *appeal dismissed sub. nom., Grant Oliver Corp. v. Moon Area School District,* 459 U.S. 1094, 103 S.Ct. 711, 74 L.Ed.2d 942 (1983). Gautieri is neither a homosexual, an adolescent, nor a partner in an "unmarried couple" who are precluded from engaging in consensual sexual relations.

■ Even if Gautieri did have standing, we would find that the IDSI statute is constitutional. First, Gautieri claims that the statute irrationally discriminates against unmarried and homosexual persons because it proscribes conduct that would be legal if they were married. We disagree. IDSI does not proscribe consensual oral or anal intercourse, but rather acts of deviate sexual intercourse that are involuntary. This classification does not discriminate against unmarried adults (homosexual or otherwise) because "the Commonwealth does have a strong interest in preventing people from being forced against their will to submit to sexual conduct." *Commonwealth v. Maute,* 336 Pa.Super. 394, 485 A.2d 1138 (1984).

■ Second, we disagree with Gautieri's claim that the statute impermissibly classifies victims based on age. IDSI has the effect of making a child under the age of 16 unable, as a matter of law, to consent to acts of deviate sexual intercourse. 18 Pa.C.S.A. § 3123(5). This classification bears a reasonable relationship to a legitimate state interest, namely "an interest in fostering healthy surroundings to yield well-adjusted citizens, free of social and psychological scars," and thus passes constitutional scrutiny. *Commonwealth v. Waters,* 334 Pa.Super. 513, 524, 483 A.2d 855, 861 (1984), *cert. denied,* 471 U.S. 1137, 105 S.Ct. 2679, 86 L.Ed.2d 697 (1985). We are unpersuaded by Gautieri's argument that because the

Model Penal Code has lowered its recommended age of IDSI victims to ten years, our IDSI statute is unconstitutional because it was not similarly changed. Gautieri claims that the age of "puberty" has been lowered in modern society has not been recognized by our IDSI law. We simply note that a change in the Model Penal Code does not render a version that differs from it unconstitutional. So long as the legislature has a justification for its actions, classifications based on age are constitutional. Such is the case here. If, as Gautieri claims, the law should be changed to acknowledge the lowering age of adolescents' sexual involvement, his recourse is to the legislature. As written, however, the statute is constitutional.

## III.

Gautieri also claims that the IDSI statute violates his right to privacy. Although it has never been held that a person is free to engage in unrestricted types of sexual conduct (including non-consensual oral sex with an adolescent), Gautieri contends that "[a]bsent a compelling state interest, the state is prohibited from interfering with persons' sex lives and intruding into private matters of sexual expression." Gautieri's brief, at 23.

We will assume, without deciding, that in certain situations the Constitution's elusive "right to privacy" prohibits the state from regulating a person's private sexual affairs. As Justice Blackmun stated in *Bowers v. Hardwick*, 478 U.S. 186, 208–09, 106 S.Ct. 2841, 2853, 92 L.Ed.2d 140, 157 (1986) (Blackmun, J., dissenting): "[i]ndeed, the right of an individual to conduct intimate relationships in the intimacy of his or her own home seems to me to be the heart of the Constitution's protection of privacy." Even the most liberal privacy ideology, however, recognizes that privacy can extend only to those cases where the conduct is consensual. At issue in *Bowers* was whether Georgia's sodomy statute was constitutional as it applied to a male homosexual. Justice Blackmun, arguing that it violated privacy rights, stated:

This case involves no real interference with the right of others, for the mere knowledge that other individuals do not adhere to one's value system cannot be a legally cognizable interest, let alone an interest that can justify invading the houses, hearts, and minds of citizens who choose to live their lives differently.

*Id.* at 213, 106 S.Ct. at 2856, 92 L.Ed.2d at 160.

In this case, Gautieri cannot claim that he has engaged in harmless consensual conduct that is regulated merely because the state adopts a value system different than his. He has cajoled a 12-year-old boy into acquiescing to acts of oral sex. This is nothing short of pedophilia, and to argue that he can somehow be protected by the Constitution because he committed the act in his home "is, at best, facetious" *Id.* at 195, 106 S.Ct. at 2846, 92 L.Ed.2d at 148. Therefore, even if there is a privacy interest that protects an individual who sincerely wishes to engage in private sexual acts with an adolescent, it is not Gautieri who will succeed in defining the right.

## IV.

■ Gautieri also contends that the IDSI statute is void for vagueness, as it regulates freedom of sexual expression in terms that would require a reasonable person to guess which conduct is illegal. Specifically, Gautieri complains that the following definition of "sexual intercourse" is susceptible to differing interpretations: *"In addition to its ordinary meaning, it includes intercourse per os or per anus ..."* Gautieri's brief, at 25 (quoting 18 Pa.C.S.A. § 3101) (emphasis Gautieri's). Gautieri posits that the "ordinary meaning" of sexual intercourse could vary from person to person and include such innocuous sexual behavior as french kissing. This argument is spurious.

While we will entertain a facial challenge to a statute when it regulates first amendment freedoms, *Commonwealth v. Heinbaugh,* 467 Pa. 1, 354 A.2d 244 (1975), we are not persuaded that this statute implicates a protected form of expression. Instead, it appears to us, and we are given no authority to hold otherwise, that the IDSI statute regulates

*conduct,* plain and simple. In any event, Gautieri fails to recognize that the IDSI statute does not include the broad "sexual intercourse" definition of which he complains. IDSI regulates "deviate sexual intercourse," which, as we have mentioned, includes only anal and oral intercourse. *See* 18 Pa.C.S.A. § 3101.[3] The IDSI statute is not vague. Gautieri had ample notice of which types of "sexual intercourse" were proscribed.

## V.

■ Finally, Gautieri claims that the mandatory sentencing provisions of 42 Pa.C.S.A. § 9718 (providing for mandatory sentence for sexual crimes against infants) is unconstitutional because it violates his fundamental "right to liberty."

Mandatory sentences are a constitutional exercise of the legislature's power to fix the punishment for all crimes. *Commonwealth v. O'Brien,* 356 Pa.Super. 294, 514 A.2d 618 (1986), *alloc. denied,* 515 Pa. 576, 527 A.2d 537 (1987). Moreover, as far as Gautieri's fundamental right to liberty is concerned, we simply remind Gautieri that a deprivation of civil liberty is unconstitutional only if it occurs without due process. Gautieri received a fair trial and sentencing hearing. This process was sufficient to render a deprivation of civil liberty constitutional.

Judgment of sentence affirmed.

McEWEN, J., concurs in the result.

---

**3.** "Sexual deviate intercourse" does proscribe all types of sexual intercourse with animals. As we understand Gautieri's argument, it is limited to human interaction and, as applied, we must conclude that Gautieri was on ample notice of the statute's proscribed conduct.