672 A.2d 314

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Yashpaul S. PARMAR.**

Superior Court of Pennsylvania.

Argued Sept. 21, 1995.

Filed Jan. 18, 1996.

Reargument Denied March 25, 1996.

Jerome T. Foerster, Assistant District Attorney, Harrisburg, for the Commonwealth, appellant.

Lee G. Nollau, State College, for appellee.

Before POPOVICH, SAYLOR and BROSKY, JJ.

BROSKY, Judge.

This is an appeal from the final order of the lower court which granted appellee's post-sentencing motions and arrested judgment on his convictions for bribery in official and political matters [1] and criminal conspiracy to commit this offense. [2]

Appellant presents the following issues for our review: (1) whether the trial court erroneously concluded that appellee should have been prosecuted for violations of the Conflicts of Interest Law ("COIL"), [3] 65 P.S. § 403(a) and (c) and the State Adverse Interest Act ("SAIA"), 71 P.S. § 776.7; (2) whether appellee waived his claim that he had been prosecuted for the wrong offense; and (3) whether the trial court erroneously arrested judgment on appellee's criminal conspiracy conviction. For the reasons set forth below, we reverse the trial court's order and reinstate the judgment of sentence with respect to appellee's convictions.

1. 18 Pa.C.S.A. § 4701(a)(3).

2. 18 Pa.C.S.A. § 903(a).

3. The parties refer to this statute as the State Ethics Act. Earlier caselaw likewise utilizes this terminology as well as other various names. However, the statute was rewritten in 1989 and was not given a specific designation by the legislature. Since the title of the act indicates that it involves conflicts of interest by public officials, public employees or those who are nominees or candidates for public office, we will refer to the statute as the Conflicts of Interest Law.

Before addressing these issues, it is necessary to recount the pertinent facts giving rise to this appeal. Appellee, Yashpaul Parmar, was a civil engineer employed by the Pennsylvania Department of Transportation ("PennDoT"). In the course of his duties, appellee was responsible for reviewing the drainage control on highway occupancy permits as well as other matters relating to traffic design and flow patterns. As a result, appellee's supervisor directed him to evaluate a highway occupancy permit application submitted by Sheetz, Inc. in connection with the construction of its new store, which was scheduled to open in mid- to late September, 1990.

Appellee went to the Sheetz site and met with the construction superintendent, Joseph Pastorelli. Appellee informed Mr. Pastorelli that the plans contained several deficiencies which had to be rectified before a permit could be approved and issued. While appellee was present, Mr. Pastorelli contacted Sheetz personnel and was advised that it could possibly take up to a month to prepare and submit revised plans and, thus, would potentially delay the opening of the store. After this conversation was completed, appellee told Mr. Pastorelli that he could perform the requisite revisions and "walk the application through the approval process" for approximately $5,000.00. Mr. Pastorelli submitted the offer to Sheetz for approval, but was told that Sheetz would only agree to pay appellee $3,500.00. Appellee accepted.

Appellee subsequently prepared the revised plans so that they would comply with PennDoT's regulations. Appellee then gave the plans to Mr. Pastorelli along with instructions as to the manner in which they were to be submitted to PennDoT. After the revised plans were submitted, they were reviewed by appellee, who indicated to his supervisor that he saw no problems therewith and that a highway occupancy permit could be issued. PennDoT thereafter approved the application and issued the permit, which was received by Sheetz in time for the scheduled opening of its store.

Appellee initially requested that Sheetz pay him in cash for his work. Sheetz refused and apprised him that he would be paid by check upon submission of an invoice for his services.

As a result, appellee instructed his daughter to prepare an invoice in the name of her roommate, Dianne Carson.[4] Appellee submitted the invoice in Ms. Carson's name to Sheetz, who gave a check to appellee, made payable to Dianne Carson, in the sum of $3,500.00. Appellee, his daughter and Ms. Carson thereafter went to her bank to cash the check. Because Ms. Carson did not have sufficient funds in her account to cover the check at the time, the bank required her to deposit the check. Ms. Carson, appellee's daughter and appellee returned to the bank a few days later at which time she withdrew the funds and gave them to appellee.

Appellee's involvement and receipt of payment in connection with the Sheetz permit was subsequently uncovered. After investigation by the state inspector general's office, appellee was arrested and charged with various offenses arising out of this incident. Appellee filed omnibus pre-trial and habeas corpus motions, all of which were denied. A jury trial was held in January, 1994, following which appellant was convicted of the above offenses, but acquitted of conspiracy to commit forgery and bribery, as defined in 18 Pa.C.S.A. § 4701(a)(1). Appellee prematurely filed a motion for judgment of acquittal in which he challenged the sufficiency of the evidence. Appellee was subsequently sentenced on February 15, 1994 to serve two concurrent twenty-four (24) months of probation with respect to each of his convictions.

Appellee then timely filed a post-sentencing motion in which he incorporated and reiterated his request for an acquittal based on a lack of sufficient evidence. Oral argument was scheduled and heard thereon. During oral argument, appellee asserted for the first time that his conviction was improper because he had been prosecuted on a general bribery offense rather than the more specific offenses defined under the Conflicts of Interest Law and the State Adverse Interest Act. The trial court agreed and arrested judgment on the bribery and conspiracy convictions. The Commonwealth filed a mo-

4. Ms. Carson and appellee's daughter shared an apartment. Ms. Carson was employed as a waitress at the time and had absolutely no training or certification to work as a civil engineer.

tion for reconsideration which was denied. The Commonwealth then timely perfected this appeal.[5]

Appellant, the Commonwealth, first challenges the trial court's decision to arrest judgment on appellee's bribery conviction. Appellant contends that this determination was improper because it was premised upon the erroneous conclusion that appellee should have been prosecuted under the more specific statutory provisions of the COIL and SAIA. Appellant's Brief at 16. Appellant also argues that it was improper for the trial court to have addressed this issue since appellee waived it by failing to raise it in his omnibus pre-trial motion. Appellant's Brief at 23. We will begin our analysis with a discussion of appellee's alleged waiver.

A claim that the information or indictment charges the defendant with the wrong crime must be made by written pre-trial motion to quash. *Commonwealth v. Gemelli,* 326 Pa.Super. 388, 397, 474 A.2d 294, 299 (1984); Pa.R.Crim.P., Rule 306, 42 Pa.C.S.A. and comment. The failure to preserve an issue in this manner will result in its waiver. *Commonwealth v. Gemelli,* 326 Pa.Super. at 397–398, 474 A.2d at 299; Pa.R.Crim.P., Rule 9020(d), 42 Pa.C.S.A. However, the appellate courts have subsequently recognized that challenges to the propriety of a charge can be properly litigated in a post-verdict motion for arrest of judgment where the general and specific statutes in question do not contain an irreconcilable conflict on their face and the determination of whether an actual conflict exists can be determined only after the facts of the case are fully developed at trial. *Commonwealth v. Warner,* 504 Pa. 600, 607–610, 476 A.2d 341, 344–346 (1984); *Commonwealth v. Miller,* 414 Pa.Super. 56, 62–63, 606 A.2d 495, 498, *allocatur denied,* 531 Pa. 639, 611 A.2d 711 (1992).

**5.** The Commonwealth's appeal is properly before this court. *See, e.g., Commonwealth v. Rawles,* 501 Pa. 514, 519–520, 462 A.2d 619, 621 (1983); *Commonwealth v. Feathers,* 442 Pa.Super. 490, 497, 660 A.2d 90, 94 (1995) (*en banc*); *Commonwealth v. Coleman,* 367 Pa.Super. 108, 118–121, 532 A.2d 477, 482–483 (1987), *allocatur denied,* 518 Pa. 635, 542 A.2d 1365 (1988).

 · It is undisputed that appellee filed pre-trial motions which did not assert that he was improperly prosecuted for the wrong offense. Instead, appellee's challenge was not raised until oral argument on his post-sentencing motions. Under these circumstances, the claim would · ordinarily be deemed waived. However, the statutes in question here do not irreconcilably conflict on their face. In fact, the conflicts of interest law explicitly states that its provisions shall control in the event they conflict with any other statute, ordinance, regulation or rule. 65 P.S. § 412. Thus, no irreconcilable conflict can exist, at least on the face of the statutes. Moreover, waiver should not be found where an issue is raised in a procedurally defective manner and the trial court overlooks the misstep and addresses the merits of the claim. *Commonwealth v. Metz*, 534 Pa. 341, 345, 633 A.2d 125, 127 (1993). We are also cognizant of the fact that appellee's claim was raised in the context of a motion for judgment of acquittal, which can be raised in post-sentencing motions. Pa.R.Crim.P., Rule 1124(a)(6), 42 Pa.C.S.A. and comment. Finally, we note that the Commonwealth did not specifically articulate to the lower court that appellee's claim had been waived. In light of the above reasoning, we accordingly decline to invoke the waiver doctrine against appellee.

 Having resolved this threshold issue, we must next ascertain whether appellee's bribery and conspiracy convictions were proper.

> It is the well-settled law of this Commonwealth that prosecutions under general provisions of a penal code are prohibited where applicable special provisions are available. However, our Supreme Court has held that this general policy is only applicable where the conflict between the statutes is irreconcilable.... Thus, where the general provision is wholly subsumed by the special, *i.e.*, the general statute has no elements which may distinguish it from the special, the two statutes are said to "irreconcilably conflict," and the prosecution must proceed under the special statute.

*Commonwealth v. Miller*, 414 Pa.Super. at 62–64, 606 A.2d at 497–498 (citations and quotation marks omitted). *Accord*

*Commonwealth v. Warner,* 504 Pa. at 606–610, 476 A.2d at 344–346; *Commonwealth v. Gautieri,* 431 Pa.Super. 412, 415–416, 636 A.2d 1153, 1155 (1994).

 Appellee was convicted of bribery in an official matter, which is defined as follows:

### § 4701 Bribery in official and political matters

(a) **Offenses defined.**—A person is guilty of bribery, a felony of the third degree, if he ... solicits, accepts or agrees to accept from another: ... (3) any benefit as consideration for a violation of a known legal duty as public servant. . . .

18 Pa.C.S.A. § 4703(a)(3). The Crimes Code further defines the terms "benefit" and "public servant." A benefit within the meaning of the Crimes Code is a "[g]ain or advantage or anything regarded by the beneficiary as gain or advantage, including benefit to any other person or entity in whose welfare he is interested. . . ." 18 Pa.C.S.A. § 4501. A public servant is defined as "[a]ny officer or employee of government, including members of the General Assembly and judges, and any person participating as juror, advisor, consultant or otherwise, in performing a governmental function. . . ." *Id.* In comparison, the conflicts of interest law provides that:

### § 403 Restricted Activities

(a) No ... public employee shall engage in conduct that constitutes a conflict of interest. . . . (c) No ... public employee ... shall solicit or accept, anything of monetary value, ... based on any understanding of that ... public employee that the ... official action, or judgment of the ... public employee ... would be influenced thereby.

65 P.S. § 403. Under this act, a public employee includes any individual who is employed by the Commonwealth or a political subdivision who is responsible for taking or recommending official action of a nonministerial nature with regard to, *inter alia,* inspecting, licensing or regulating any person or any other activity where the official action has more than a de minimis economic impact on the interests of any person. 65

P.S. § 402. A conflict of interest is defined as the "[u]se by a ... public employee of the authority of his ... employment or any confidential information received through his holding public ... employment for the private pecuniary benefit of himself...." *Id.* Finally, SAIA states that:

### § 776.7 Employe[e] representing another before state agency

No State employe[e], except in the performance of his duties as such employe[e], shall for remuneration, directly or indirectly, represent any other person upon any matter pending before or involving any State agency.

71 P.S. § 776.7. A state employee is an appointed officer or employee in the service of a state agency and who receives a salary or wage for such service. 71 P.S. § 776.2(10).

Examination of the above statutes demonstrates that each precludes a public servant or public employee from soliciting or accepting any benefit, remuneration or anything else of monetary value in connection with the performance of his official duties. However, both COIL and SAIA absolutely prohibit the conduct respectively proscribed therein. Thus, no showing of culpability is required to convict a public/state employee for a violation of these statutes. *See* 18 Pa.C.S.A. § 305(a)(2) (general culpability requirements do not apply to offenses defined by statutes other than the Crimes Code where a legislative purpose to impose absolute liability for such offenses or with respect to any material element thereof plainly appears).

In contrast, culpability must be established in order to convict an individual of bribery. *See* 18 Pa.C.S.A. § 302(a) (a person is not guilty of an offense unless he acted intentionally, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense). As applied here, the bribery statute does not specify the level of culpability applicable to the material elements of this offense. Consequently, it is sufficient to show that a person acted intentionally, knowingly or recklessly with respect to the material elements of the crime. *See* 18 Pa.C.S.A. § 302(c)

(when the culpability sufficient to establish a material element of an offense is not prescribed by law, such element is established if a person acts intentionally, knowingly or recklessly with respect thereto).

Because the crime of bribery contains an element of culpability which is not required by either COIL or SAIA, it is not wholly subsumed by the more specific statutes. *Compare Commonwealth v. Miller*, 414 Pa.Super. at 64–65, 606 A.2d at 499 (general crime of false swearing in official matters and violation of specific Liquor Code provision penalizing false statements on liquor licensing applications contained identical elements where both required an intent and a misrepresentation which was designed to mislead a public servant in the performance of his official function; thus, the general penal statute was wholly subsumed by the more specific provision of the Liquor Code and only prosecution under the specific statute was permitted). Prosecution of appellee for the general bribery offense was therefore permissible. *See Commonwealth v. Warner*, 504 Pa. at 607, 476 A.2d at 344 (so long as the general statute has elements outside the special, the Commonwealth is not restricted in pursuing both charges in one trial; under such circumstances, the legislature can be presumed to have given the prosecuting authorities discretion to proceed under either or both); *Commonwealth v. Miller*, 414 Pa.Super. at 62–64, 606 A.2d at 498 (following *Warner* and recognizing that prosecution under a general statute is proper so long as the general has elements outside the special; prosecution under the special statute is only required where the elements of the general are wholly subsumed by the special statute). Appellee's prosecution for conspiracy was permissible for similar reasons, since the element of intent must be shown to establish the commission of this offense. *See* 18 Pa.C.S.A. § 903(a)(1) (a person is guilty of conspiracy with another person to commit a crime if, with the intent of promoting or facilitating its commission, he agrees with such other person that they or one or more of them will engage in conduct which constitutes such crime).

Because the trial judge erroneously concluded that the elements of bribery and conspiracy were identical to those set forth in COIL and SAIA, we are obliged to reverse his order and reinstate the judgment of sentence with respect to appellee's convictions.

Order reversed. Judgment of sentence reinstated. Jurisdiction relinquished.